UNITED STATES of America, Appellee,

v.

Robert E. YOUNG, Appellant.

No. 85–5211.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 14, 1986.

Decided Oct. 29, 1986.

Rehearing and Rehearing En Banc
Denied Jan. 5, 1987.

Garry A. Pearson, Grand Forks, N.D., for appellant.

Lynn E. Crooks, Asst. U.S. Atty., Fargo, N.D., for appellee.

Before LAY, Chief Judge, and ROSS and WOLLMAN, Circuit Judges.

WOLLMAN, Circuit Judge.

Robert E. Young was convicted by a jury of filing false corporate income tax returns for the years 1978 through 1981. *See* 26 U.S.C. § 7206(1) (1982). He argues on appeal that the government's theory of the crime—that Young understated gross income by omitting from his corporate returns most of the income from his bail bonding company—was foreclosed by an earlier court decision that the bail bonding operation was a personal business and not part of Young's corporation. In addition, Young asserts that he made no material misstatements within the contemplation of section 7206(1) because the bail income actually was reflected on his corporate returns, albeit in the form of net rather than gross income. We affirm.

A grand jury in 1982 began investigating various aspects of Young's business affairs. Pursuant to this investigation, a magistrate issued a search warrant for the office of Young's bail bonding business, and agents executing the warrant seized sixteen boxes of records. Young filed a motion under Rule 41(e) of the Federal Rules of Criminal Procedure seeking the return of these records, and he eventually obtained relief when a panel of this court held the warrant invalid as authorizing a general search and as having been issued in the absence of probable cause. *In re Grand Jury Proceedings*, 716 F.2d 493 (8th Cir.1983). Young argues that those warrant proceedings resulted in a judicial determination that his bonding business was personal rather than corporate and that the doctrine of collateral estoppel precluded relitigation of that issue in the present case, thus foreclosing the government's theory of prosecution.

The doctrine of collateral estoppel prevents litigation of an issue when the identical issue was actually litigated in and necessary to the decision in a prior proceeding concluded by a valid and final judgment. *Lovell v. Mixon*, 719 F.2d 1373, 1376 (8th Cir.1983). Young argues that this court decided that his bonding business was personal rather than corporate when, in summarizing the facts in the Rule 41(e) proceeding, it stated, "Appellant Robert Young operates five separate businesses, one of which is the Bob Young Bonding Company, an unincorporated bail bonding business in Fargo, North Dakota." *In re Grand Jury Proceeding*, 716 F.2d at 494. In addition, Young points to the following passage in the same opinion:

Finally, the Government suggests that this case presents no constitutional problem because it did not rummage in a *person's* belongings; rather, the records of a company were searched. Since the Young Bonding Company was not incorporated, the records were really Young's personal records. Moreover, there is neither authority nor reason to support the Government's position that a less exacting standard of constitutionality applies to the search of business records. *See United States v. Roche*, [614 F.2d 6, 7 n. 2 (1st Cir.1980)].

716 F.2d at 499 (emphasis in original).

Given the context in which the former statement was made, it cannot reasonably be contended that the court was making a binding finding of fact. The government in defending its search warrant had no need to contest Young's characterization of the status of his bonding business and offered no evidence on the issue, and the court's adoption of the language in Young's brief in reciting the background to the case was in no way necessary to the decision on probable cause or the specificity of the

warrant. The outcome would have been the same absent any reference at all to the corporate or personal status of the bail bonding business.

Similarly, the government's argument in the second passage cited above was that a search warrant directed to business records in general should be subject to a less exacting scrutiny than a search warrant addressed to other types of objects. The distinction relied on was not, as the citation to *Roche* makes clear, between corporate and personal business records. The panel's comment regarding the bail bonding company's unincorporated status again was not essential to the disposition of the case.

Young, however, further argues that the court in considering the validity of the search warrant implicitly and of necessity had to have decided that the bail bonding company was a personal rather than a corporate business because Rule 41(e) requires that a person making a motion for return of property be "entitled to lawful possession of the property which was illegally seized." Thus, Young asserts, a motion for the return of corporate records would have had to be brought by the corporation itself. Because he brought his Rule 41(e) motion individually and the court considered the merits of his fourth amendment argument, Young contends, the court must have found that he operated the bail bonding business individually.

■ Assuming for the purposes of this discussion that Young's interpretation of the requirements of Rule 41(e) is correct, we see no evidence that the government defended against Young's motion on that basis. Young's authority to bring the motion was not so much implicitly decided as it was stipulated or conceded by the government. Collateral estoppel, in contrast to res judicata, applies only to issues that were directly litigated and not to those which merely could have been litigated.

*Lovell,* 719 F.2d at 1376. A fact established in prior litigation not by judicial resolution but by stipulation has not been "actually litigated" and thus is the proper subject of proof in subsequent proceedings. *Otherson v. Department of Justice,* 711 F.2d 267, 274 (D.C.Cir.1983). A contrary rule, commentators reason, would discourage parties from compromising and narrowing issues because of the possible future preclusive effect of their decisions. *See id.* at 274–75 (quoting *Restatement (Second) of Judgments* § 27 comment e, at 256 (1982)). The present case illustrates this concern, since it appears that litigation in the Rule 41(e) proceeding of the corporate versus personal status of Young's bail bonding business would have resulted only in a technical change in the way Young identified himself in his motion. *Cf.* 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4443, at 381–82 (1981) (issue not precluded by admission of facts in prior litigation through failure to deny opposing pleading "both because there has been no actual litigation or decision and because pleading maneuvers in one suit should not carry such consequences in other suits").

■ Young cannot avoid this rule regarding issues not controverted by invoking language that collateral estoppel applies even though little or no evidence is introduced on an issue framed by the pleadings.[1] *See id.* § 4420, at 178–81. The rules apply in factually distinct settings depending on whether or not the parties in the prior proceeding actually disputed the relevant points, and Young has not met his burden of proving that the court in the Rule 41(e) proceeding rendered its verdict upon a determination that Young's bail bonding business was a personal business. *See Allen v. Zurich Insurance Co.,* 667 F.2d 1162, 1166 (4th Cir.1982); *Oldham v.*

---

1. Our reasoning here also disposes of Young's argument that the government admitted the personal status of the bail operation when it referred in its petition for rehearing en banc to the "unincorporated bail bonding business." The government again was merely restating background information not in contention. *Cf. United States v. McKeon,* 738 F.2d 26, 33 (2d Cir.1984) (discussing limitations on the use as admissions of statements made at opening argument in prior proceedings).

*Pritchett,* 599 F.2d 274, 277 (8th Cir.1979). We agree that the government was not barred by the doctrine of collateral estoppel from proving that the bail bonding income should have been reported on Young's corporate tax return.

■■■ Young next asserts that the income from the bail bonding business was included in his corporate return as net income, although not as gross income and that his corporate return thus was not "untruthful" within the contemplation of section 7206(1) but merely "incomplete." In a section 7206(1) prosecution, however, the government need not establish an actual tax deficiency. *See United States v. Ballard,* 535 F.2d 400, 404 (8th Cir.), *cert. denied,* 429 U.S. 918, 97 S.Ct. 310, 50 L.Ed.2d 283 (1976). A tax return that "'omits material items necessary to the computation of income is not "true and correct" within the meaning of section 7206.'" *Id.* at 403 (quoting *Siravo v. United States,* 377 F.2d 469, 472 (1st Cir.1967)); *see also United States v. Greenberg,* 735 F.2d 29, 31 (2nd Cir.1984) (function of section 7206(1) is in part to ensure that taxpayers not make statements that would hinder the government in verifying the accuracy of returns); *cf. United States v. Grabinski,* 727 F.2d 681, 686 (8th Cir.1984) (validity of tax return under section 7203 depends on whether it gives the IRS sufficient information from which to calculate tax liability based on taxpayer's circumstances, including gross income). The district court did not err in instructing the jury that Young's alleged false statements pertaining to gross receipts, if proven beyond a reasonable doubt, were material as a matter of law and could be the basis for a section 7206(1) conviction.

■■■ Young contends that the district court erred in excluding testimony pertaining to the overall loss realized from the bail bonding business. Young called Mark Larson, a certified public accountant, as an expert witness to testify about exhibits he had compiled that allegedly showed that the total deposits to Corporation's bonding account were approximately the same amount that the government claimed was omitted from the 1980 corporate income tax return. The district court sustained the government's objection on the ground of lack of foundation.

The government argues that the district court properly excluded Larson's testimony on the ground of lack of foundation for the following reasons: (1) the offered calculation was not based on the fiscal tax year; (2) the bonding account was treated as a trust account with deposits treated as liabilities, rather than as income; (3) no income and expense analysis of the bonding account was made during the preparation of the corporate income tax return; (4) not all of the receipts from the bail bonding business were deposited into the bonding account; and (5) most of the withdrawals from the bonding account were simply "pass through" items, rather than expenses.

In *Hannah v. City of Overland,* 795 F.2d 1385, 1388–89 (8th Cir.1986), the court held:

An appellant bears a heavy burden under the appellate standard of review of a district court's evidentiary rulings. Whether to admit or exclude testimony is committed to the sound discretion of the district court. This Court will reverse a district court's decision to exclude evidence only if the district court has abused its discretion. *United States v. Curnew,* 788 F.2d 1335, 1338 (8th Cir. 1986); *Smith v. Firestone Tire & Rubber Co.,* 755 F.2d 129, 133 (8th Cir.1985) ("Questions of relevancy are committed to the broad discretion of the trial court....").

This standard of review applies to rulings on the admission of expert as well as lay testimony. *Smalley v. United States,* 798 F.2d 1182 (8th Cir., 1986); *United States v. Curnew,* 788 F.2d 1335, 1338 (8th Cir.1986); *United States v. Tovar,* 687 F.2d 1210, 1215 (8th Cir.1982).

When measured against this standard, the district court's refusal to admit the proffered testimony did not constitute re-

**120**

versible error. We note that this lengthy trial involved the admission of much documentary evidence, the relevance of which is not always immediately apparent from the cold pages of the record. We are satisfied that the trial court, permitting as it did extended argument by counsel on the admissibility of Larson's proposed testimony, was in a much better position than are we to rule on the question.

We have carefully considered all additional points raised by Young, and we find no reversible error.

The judgment of conviction is affirmed.