In re Charles **COCHARD** et al., Debtors.

Charles **COCHARD**, Plaintiff,

v.

Sara L. **COCHARD**, Defendant.

Bankruptcy No. 92–45719–293.
Adv. No. 92–4632.

United States Bankruptcy Court,
E.D. Missouri, E.D.

March 31, 1993.

Cynthia Eckelkamp, Union, MO, for plaintiff.

Christopher G. Kelleher, Suelthaus & Kaplan, P.C., St. Louis, MO, for defendant.

David A. Sosne, Trustee, St. Louis, MO.

Office of the U.S. Trustee, St. Louis, MO.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I), which the Court may hear and determine.

### PROCEDURAL BACKGROUND

Charles David Cochard filed a petition seeking relief under the Bankruptcy Code on August 20, 1992. Shortly after filing his petition in bankruptcy, Debtor commenced this adversary proceeding in which he asks the Court to determine that certain debts he owed pursuant to the terms of the Settlement Agreement entered in his divorce are dischargeable in bankruptcy despite the Agreement's characterization of those debts as alimony or maintenance.[1]

Debtor's former wife, Sara L. Cochard, filed her answer to Debtor's Adversary Petition in which she denied Mr. Cochard's assertion that the debt he owed her was not in the nature of maintenance or alimony. Ms. Cochard asserted, as affirmative defenses, that:

(a) Debtor had stipulated to the characterization of the debt he now seeks to discharge as "either alimony, interest on delinquent alimony, educational expenses;"

(b) Debtor had stipulated to the statement that "no part of this obligation [the debt he now asks the Court to declare dischargeable] shall be dischargeable in any bankruptcy proceeding;"

(c) Debtor deducted the payments he now seeks to describe as a property settlement from his income tax returns by describing them on his returns as alimony or maintenance.

Both parties filed Motions for Summary Judgement. Each party asserted that an examination of the affidavits she or he had filed in the case and the Joint Stipulation of Undisputed Facts and Documents demonstrated that no genuine issue of material fact exists in this case and that as a matter of law she or he is entitled to a judgement. The parties later waived a trial on the issues in this adversary proceeding and agreed to have the Court decide the case on the basis of the record filed with the Court and briefs which they would file addressing the legal issues.

### FACTUAL BACKGROUND

(1) The parties submitted a Joint Stipulation of Undisputed Facts and Documents to the Court on February 17, 1993, stipulating to the following facts:

(a) On September 3, 1961, Charles David Cochard and Sara L. Cochard were married in Indiana.

(b) On March 14, 1983, the Marion County Superior Court dissolved their marriage. The County Court's decree of dissolution incorporated a Settlement Agreement into which the parties had entered.

(c) In 1962, both parties graduated from Purdue University; he received a bachelors degree in agriculture, and she received a bachelors degree in dietetics. Sara Cochard, however, did not complete the internship required to be a state-licensed dietician because David Cochard (who was a member of the Air Force ROTC while at Purdue) was sent, immediately after graduation, to Laredo Air Force Base in Texas for fighter pilot training. At that time, Sara Cochard was pregnant with their first child and left with him for Texas. Their first son, Gary, was born in Texas in 1963.

(d) After completing his pilot training in Texas, David Cochard was stationed at McDill Air Force Base in Tampa, Florida. The Cochard's second son, Michael, was

---

**1.** Section 523(a)(5) of the Bankruptcy Code provides that "A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—(5) to a spouse, former spouse, or child of the debtor for alimony to, mainte-nance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record ..." 11 U.S.C. § 523(a)(5) (West 1992).

born in Florida in 1965. In 1967 while serving in Vietnam, David Cochard received a hardship discharge from the Air Force. After his discharge, he became a flight engineer for TWA and after receiving his training in Kansas City, Missouri, moved the family to New Jersey.

(e) In 1970, the family moved back to Indiana. David Cochard commuted to New York to continue flying for TWA. In 1972 after both sons were in school, Sara started to complete her internship. However, because her degree was ten years old, she was required to take additional courses and work for one year under the supervision of a registered dietician before she could enter an internship program. In 1975, she completed her internship, passed the national registration exam and became a registered dietitian. She worked part time for one or two years after that as a dietary consultant at the rate of approximately $10 per hour.

(f) At the time of the divorce in 1983, David Cochard was 42 years old and was employed by TWA as a pilot; Sara Cochard was 44 years old. At that time, their youngest son Michael, a high school senior, lived at the family home with Sara Cochard.

(g) On July 27, 1992, the parties entered into an Agreed Order in the Divorce Case which compromised and settled the Amended Verified Motion For Rule To Show Cause and Petition To Modify the Decree of Dissolution filed by Sara Cochard (the Agreed Order).[2]

(2) The Settlement Agreement adopted by the Marion County Superior Court that dissolved the Cochards' marriage contained the following provision:

"2. In consideration of the marital relationship and in the recognition of a general obligation of support, Respondent [David Cochard] agrees to pay Petitioner [Sara Cochard], as alimony, the sum of $92,400.00 in 264 equal installments of $350.00, which payments shall commence on April 1, 1983, and shall continue on April 15, 1983, and on the 1st and 15th days of each month thereafter until paid in full. Said payments shall be paid by cash or check on or before the due date of said payments and shall constitute a judgement in favor of Petitioner."

The 1983 Settlement Agreement also stated that:

"Respondent [David Cochard] recognizes and acknowledges that this obligation is within the purview of those sections of the Bankruptcy Act which specifically exempt from discharge in bankruptcy, obligations for alimony, support and/or maintenance as to Petitioner [Sara Cochard] and it is the expressed intention of the parties hereto that the obligation of the Respondent for alimony payments under this paragraph shall be a nondischargeable debt in any possible future bankruptcy of the Respondent. In order to induce the Petitioner to enter this Agreement of settlement, Respondent represents to the Petitioner that, in no event will he or anyone on his behalf schedule or attempt to schedule his obligation under this paragraph in any future bankruptcy proceedings."

The Settlement Agreement concluded with a paragraph stating that the parties understood that "the Agreement is to be construed strictly as an agreement settling their respective property rights, Respondent's [David Cochard's] obligation to maintain Petitioner [Sara Cochard], and the obligations for the payment of indebtedness."

(3) The Agreed Order which compromised the Defendant's 1992 lawsuit against the Debtor included the following acknowledgement:

"The Respondent [David Cochard] has failed to timely pay certain installments of alimony to Petitioner [Sara Cochard] ... as required by the Settlement Agreement approved by the Court on March 14, 1983, and he is delinquent in the payment of alimony through July, 1992, in the sum of Thirteen Thousand One Hundred Twenty-One Dollars ($13,121)."

Debtor filed the current bankruptcy petition.

2. Within one month from the settlement, the

After describing a schedule of payments David Cochard would make and Sara Cochard would accept in satisfaction of her claim for delinquent alimony and educational expenses due under the Settlement Agreement, the Agreed Order further provided that:

"The parties agree that in as much as Respondent's [David Cochard's] obligation to the Petitioner [Sara Cochard] is either alimony, interest on delinquent alimony, educational expenses or interest on delinquent educational expenses, no part of this obligation shall be dischargeable in any bankruptcy proceeding."

(4) On his tax returns,[3] David Cochard described as alimony the money he paid Sara Cochard under the Settlement Agreement[4] and Agreed Order and deducted the same from his taxable income in the years 1983 through 1991 (inclusive). On her tax filings in the years 1983 through 1991 (inclusive), Sara Cochard listed the amounts she received from David Cochard as alimony. Treating these amounts as alimony increased Sara Cochard's Total income and, therefore, her tax burden.

(5) In the years since 1983, David Cochard has continued to work as a pilot and throughout that period has earned between $55,795.00 and $93,662.00 a year. In that span of time Sara Cochard, working as a registered dietician, earned between $2,560.00 and $37,904.00 a year.

### DISCUSSION

Defendant, Sara Cochard, maintains the Court can grant her motion for summary judgement on one of two grounds. Ms. Cochard first asserts that the Debtor, in both the Settlement Agreement and the Agreed Order, stipulated to the fact that the debts now at issue served a maintenance function and that this Court should give collateral estoppel effect to the Agreed Order and to the Settlement Agreement because the County Superior Court in Marion, Indiana incorporated each of these into orders it issued.

The Eighth Circuit has held that four elements must exist before a court may apply collateral estoppel to bar the relitigation of a fact decided in a prior hearing. *In re Miera*, 926 F.2d 741, 743 (8th Cir. 1991). The *Miera* court listed those four elements as follows:

(1) the issue sought to be precluded must be the same as that involved in the prior action;

(2) the issue must have been litigated in the prior action;

(3) the issue must have been determined by a valid and final judgement; and

(4) the determination must have been essential to the prior judgement.

*In re Miera*, 926 F.2d at 743 (citations omitted).

■ The Circuit Court has held that the second element of the test for applying collateral estoppel, namely, that the issue was actually litigated in the prior action, bars the application of collateral estoppel to those facts to which the parties stipulated in the prior action. *United States v. Young*, 804 F.2d 116, 118 (8th Cir.1986). *See also, Henson v. Garner (In re Garner)*, 881 F.2d 579, 580 (8th Cir.1989) (n. 1), *rev'd on other grounds sub nom. Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). The decisions of the Eighth Circuit bind this Court and prohibit the Court from applying collateral estoppel to those facts to which David and Sara Cochard stipulated in their litigation in Marion County, Indiana.

■ Alternatively, Sara Cochard argues that the record demonstrates that the payments David Cochard owes her under both the Settlement Agreement and the Agreed

---

**3.** The record contains David Cochard's federal income tax returns for the years 1983 through 1991 (inclusive) with the exception of 1986; the record contains the income tax return the Debtor filed with the State of Missouri in that year.

**4.** If Mr. Cochard's current position, that the Settlement Agreement was a property settlement

and not maintenance, is correct, then it would appear he may have committed a fraud when he filed his Federal tax returns for taxable years 1983 through 1991. If his conduct was not fraudulent, at a bare minimum, the Court assumes he would be required to amend his tax returns to reflect his present position.

Order serve a maintenance function and that the Court should deny the Debtor a discharge of these obligations under section 523(a)(5) of the Bankruptcy Code. This Court, in prior decisions involving Section 523(a)(5), has looked to a number of factors for guidance in deciding whether an award made in a dissolution decree functioned as a property settlement or maintenance. *In re Lombardo,* 150 B.R. 730 (Bankr.E.D.Mo.1993); *In re Ellis,* 149 B.R. 927 (Bankr.E.D.Mo.1993); *In re Barnett,* 62 B.R. 661 (Bankr.E.D.Mo.1986).

In the case at bar, many factors suggest that the periodic payments the Settlement Agreement provided David Cochard would make to Sara Cochard served a maintenance function. One factor the Court considers in determining whether an award in a dissolution decree functions as maintenance is the dissolution court's intention to provide support. Though David and Sara Cochard negotiated the Settlement Agreement, the Marion County Superior Court incorporated the agreement into its Decree of Dissolution and, given the explicit nature of the terms in the agreement dealing with the payments whose dischargeability the parties now contest, this Court finds that the state court intended for the payments called "alimony" in the agreement to serve a maintenance function. In addition to the explicit language, the fact that the parties treated the settlement as maintenance in their tax returns convinces this Court that it was the intent of the parties for the alimony to serve as maintenance and not a property settlement.

The actual need of one party for maintenance at the time of the dissolution has also assisted this Court in finding whether an award in a dissolution decree constitutes maintenance or a property settlement. The parties' federal income tax return for 1982, the year preceding the dissolution of the Cochard's marriage, shows that in that year Sara Cochard earned $2,723.23 selling cosmetics and David Cochard earned over $54,000.00 as a pilot. These incomes demonstrate Sara Cochard's need for support at the time of the dissolution and suggest that the award served a maintenance function, especially in light of the fact that the

couple's minor son Michael lived with Sara following the dissolution of the parties' marriage.

Two other factors the Court has previously considered in deciding whether awards under a dissolution decree serve as maintenance are the relative earning capacities of the parties as of the date of the dissolution and their work skills, educational levels and future earning potentials. In March of 1983, when the Superior Court of Marion County, Indiana dissolved the Cochards' marriage, David worked as a pilot for TWA and Sara Cochard worked as a salesperson for Mary Kay Cosmetics; the Court has noted (above) the disparate incomes the parties generated from these endeavors. The Court recognizes that at the time of the parties' divorce Sara Cochard held a license to work as a registered dietician and that she could earn more as a dietician than she had earned selling cosmetics in 1982. However, David Cochard's earning capacity as a pilot still far exceeded Sara Cochard's earning capacity as a dietician. The parties' earnings since their divorce, while not known to the Marion County Superior Court in 1983, have reflected the disparity in their income potentials apparent at the time of their divorce.

The nearly twenty-two year duration of the Cochard's marriage, the periodic nature of the alimony awarded in the Settlement Agreement and the language of the Settlement Agreement suggest to the Court that the payments David Cochard agreed to make to Sara Cochard under the 1983 Settlement Agreement served a maintenance function. Pursuant to Section 523(a)(5) of the Bankruptcy Code, David Cochard's obligations under the Settlement Agreement are nondischargeable in bankruptcy.

■ The parties entered into the Agreed Order in 1992 to compromise a suit Sara Cochard had filed against David Cochard alleging that Mr. Cochard owed her past-due alimony and educational expenses for their sons which he owed her under the terms of the Settlement Agreement. The Agreed Order set a compromise amount and arranged a payment schedule by which

the Debtor would remit the delinquent alimony and education expenses to Sara Cochard. The Agreed Order did not alter the nature of the obligations owed to Defendant and though payable under a new schedule, they remained debts for alimony and for the education of the Cochards' sons. For the same reasons it prevents this Court from discharging the obligations David Cochard owes Sara Cochard under the Settlement Agreement, section 523(a)(5) of the Bankruptcy Code bars the discharge of the amounts due under the Agreed Order.

An Order consistent with this Memorandum Opinion will be entered this date.