**UNITED STATES of America, Appellee,**

v.

**Arthur Eugene SCHAEFER, Appellant.**

No. 92–3801.

United States Court of Appeals, Eighth Circuit.

Submitted March 18, 1993.

Decided Sept. 14, 1993.

Rehearing Denied Oct. 8, 1993.

David Butsch, St. Louis, MO, argued, for appellant.

Steven Muchnick, St. Louis, MO, argued (Stepen B. Higgins and Steven A. Muchnick, on the brief) for appellee.

Before McMILLIAN, JOHN R. GIBSON and WOLLMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Arthur Eugene Schaefer appeals from a final judgment entered in the United States District Court[1] for the Eastern District of Missouri finding him guilty upon a plea of guilty to one count of filing a false federal tax return. The district court sentenced him to 2 years imprisonment and a $50.00 special assessment. For reversal, Schaefer argues that the District Court erred in accepting his guilty plea because the factual record was insufficient in violation of Fed.R.Crim.P. 11(f). For the reasons discussed below, we affirm the judgment of the district court.

## BACKGROUND

On October 3, 1991, Schaefer was indicted and charged in two counts with filing false federal tax returns for the years 1986 and 1987. On August 13, 1992, Schaefer entered into a written plea agreement with the government whereby he agreed to plead guilty to Count I in return for the government's dismissal of Count II. The district court held a hearing in which it summarized the terms of the plea agreement and the possible resulting sentence with Schaefer. At the hearing the district court also inquired as to Schaefer's knowledge and voluntariness of his guilty plea. The government summarized the evidence against Schaefer. The district court found a factual basis for the plea and approved the agreement and ordered a presentence investigation report.

On October 22, 1992, the district court held a sentencing hearing in which it entertained objections to the presentence investigation report. The district court sentenced Schaefer to two years imprisonment and imposed a special assessment of fifty dollars. The district court also dismissed Count II of the indictment as agreed to in the plea agreement. This appeal followed.

## DISCUSSION

■ Schaefer's only argument on appeal is that the inquiries by the district court at his plea hearing on August 13, 1992, were insufficient to provide the factual basis for his admission of guilt. Schaefer essentially argues that there is no evidence that he acted willfully to file false tax returns. Schaefer argues that the record only shows that he admitted that he was charged with failing to

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

report his earnings. The government argues that, contrary to Schaefer's contention, the record before the district court was sufficient for the district court to have determined that his conduct was willful and that there was a factual basis for his guilty plea. We agree.

As a preliminary matter, we note that although Schaefer did not raise this issue in district court, our duty on appeal is to insure that there was compliance with Rule 11's requirement that there be a factual basis for the plea. *United States v. Bradin*, 535 F.2d 1039, 1040 (8th Cir.1976) (*Bradin*); *United States v. Untiedt*, 479 F.2d 1265, 1266 (8th Cir.1973); *United States v. Briscoe*, 428 F.2d 954, 957 (8th Cir.1970). A defendant's reluctance notwithstanding, a trial court may accept a guilty plea if there is a factual basis to enter the plea. *North Carolina v. Alford*, 400 U.S. 25, 32, 38, 91 S.Ct. 160, 164, 167, 27 L.Ed.2d 162 (1970); *Neal v. Grammer*, 975 F.2d 463, 466 (8th Cir.1992).

For purposes of prosecutions involving tax matters, willfully means "a voluntary, intentional violation of a known legal duty." *United States v. Pomponio*, 429 U.S. 10, 12, 97 S.Ct. 22, 23, 50 L.Ed.2d 12 (1976) (citations omitted). Willfulness in a criminal tax case may be established by a consistent pattern of not reporting income. *United States v. Adcock*, 558 F.2d 397, 402 (8th Cir.1977). Moreover, whether an act was committed willfully may be inferred from the facts of the case. *United States v. Bussey*, 942 F.2d 1241, 1248 (8th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1936, 118 L.Ed.2d 542 (1992).

A review of the entire record reveals that Schaefer followed a consistent pattern of failing to report all of his income. First, he failed to report all of his income in both 1986 and 1987. The presentence report, which the district court properly considered before entering final judgment, *United States v. Cody*, 438 F.2d 287 (8th Cir.1970),[2] indicates that Schaefer had pled guilty to willfully failing to file a tax return in 1968. The presentence report further ·indicated that at the time Schaefer pled guilty to failing to file a tax return in 1968, he was also charged with failing to file tax returns for 1969, 1970, and 1971 as well and that the charges related to those years were dismissed pursuant to a plea agreement.

During the plea hearing the district court advised Schaefer that by pleading guilty to Count I, he was giving up a number of valuable rights to which he was entitled. Schaefer indicated to the district court that he understood that he was giving up those rights, voluntarily and without having been threatened by anyone, and that no one promised him anything other than the promises set forth in the plea agreement.[3]

As to the years at issue here, 1986 and 1987, the record also reveals that upon questioning by the district court, the government told the district court that it would prove at trial that Schaefer reported $24,000.00 as his gross receipts from his business and profession on Schedule C of his income tax return for the year 1986 and that the income Schaefer received in that year was substantially in excess of that amount. According to the government Schaefer reported taxable income of $11,996.00 during 1986 and the government's proof would be that Schaefer had taxable income of $72,218.00 during that year. As for 1987, the government told the district court that the government's proof would be that Schaefer reported taxable income of $4,609.00 and actually had taxable income of $41,239.00.

---

**2.** In *United States v. Cody*, 438 F.2d 287, 289 (8th Cir.1970), this Court citing *McCarthy v. United States*, 394 U.S. 459, 463 n. 6, 89 S.Ct. 1166, 1169 n. 6, 22 L.Ed.2d 418 (1969), concluded, that in determining that a factual basis exists for a guilty plea, the presentence report may be considered. *See also United States v. Bradin*, 535 F.2d 1039, 1041 (8th Cir.1976).

**3.** The district court also discussed the terms of the plea agreement with Schaefer and asked him

if he understood that under the plea agreement he would plea guilty to Count I, which involved the 1986 income tax return, and the government would dismiss Count II, Schaefer told the district court that it was his understanding that those were the terms of the agreement. Schaefer also told the district court that he understood the charges and that he was pleading guilty to Count I.

After the government gave the district court the summary of its case against Schaefer, the district court asked Schaefer whether the government's summary of its case was correct. Schaefer told the district court that he understood that was the charge. Schaefer also told the district court, "what they are stating, as I understand it, is what I received. Why am I driving a '78 Oldsmobile today and have been for five years?" The following exchange then took place.

The Court: Mr. Schaefer, you're just telling me that there is not a factual basis for your plea, and if that is the basis I won't accept it.

Schaefer: I don't understand what you're saying.

The Court: Well, I have to make certain that you violated the law.

Schaefer: I must have, your Honor, so—

The Court: Don't you know?

Schaefer: I must have.

The Court: If you don't know you can't intelligently plead guilty today.

Schaefer: Then I do know, yes.

The district court also asked Schaefer whether he prepared his own returns and Schaefer said that he did, that sometimes he had help, but that he did not know if he had help for the periods at issue. The following exchange then took place between the district court, defense counsel and Schaefer.

The Court: The charge is he reported $24,000.00 on Schedule C as gross receipts from the business or profession and that he earned substantially in excess of that.

Counsel: Yes.

The Court: Is that correct?

Schaefer: That is correct.

The Court: Without setting out a precise figure?

Schaefer: Yes, that is correct.

The district court then advised Schaefer that it was the court's duty to sentence him and that the maximum sentence was set out on page two of the plea agreement that Schaefer had signed.[4] Upon further questioning by the district court, Schaefer indicated that he understood the penalties that he was subjecting himself to by his guilty plea.

The record in the present case indicates that Schaefer willfully filed a false tax return for the year 1986. Moreover, there was sufficient factual basis to support Schaefer's guilty plea.

Accordingly, the judgment of the district court is affirmed.

---

4. The district court further advised Schaefer that he could be sentenced to three years imprisonment and fine him $250,000.00, plus a $50.00 special assessment, and require him to make whatever tax restitution is required, plus interest and penalties.