*-258 TROTT, Circuit Judge,
dissenting:
My colleagues offer a very readable opinion, no pun intended, but I respectfully disagree with their conclusion that the question of materiality in this Section 7206(1) underre-porting of income tax case should have been decided by the jury. United States v. Gaudin,[1] upon which the majority opinion rests its case, does not hold that all statutory questions of materiality must go to the jury, i.e., the fact finder. Rather, Gaudin holds that all such questions that do have a factual component must be so handled. But Gaudin also embraces the idea that materiality determinations with no factual component need not go to the fact finder; they may be decided as a matter of law by the court:
Because materiality is an element of the crime, can it be determined as a matter of law? Conceivably, this could be justified if the determination had no factual component at all.... However, if it is a mixed question of law and fact, then it must be submitted to the jury.
Id. at 948-949. Thus, the taxonomy of materiality recognizes two distinct species, and the threshold question becomes which species does the materiality question in an un-derreported income allegation belong? In my view, the Second Circuit’s analysis of this issue in United States v. Klausner, 80 F.3d 55 (2d Cir.1996) holds up under close scrutiny: because false computational information on a tax return necessarily results by operation of law in inaccurate calculation of tax liability, the materiality of the information falsely submitted or omitted is automatically fixed without reference to any historical facts beyond the knowing submission of such a return. The materiality in this context is both different and distinguishable from the materiality required by 18 U.S.C. § 1001 as addressed in Gaudin, and from 18 U.S.C. § 1623(a) as addressed in United States v. Keys, 95 F.3d 874 (9th Cir.1996) (en banc).
Contrary to the majority’s assertion, this tax issue is not a matter of first impression. It may be the first occasion to factor Gaudin into the mix, but it is not our first examination of the nature of materiality in a failure-to-report-ineome case. We held in United States v. Holland, 880 F.2d 1091 (9th Cir. 1989) as follows:
We follow those circuits that have focused on this issue and have concluded that any failure to report income is material. See United States v. Greenberg, 735 F.2d 29, 31-32 (2d Cir.1984) (unreported income producing underpaid tax of $48 was material); United States v. Hedman, 630 F.2d 1184, 1196 (7th Cir.1980) (“false statements relating to gross income, irrespective of amount, constitute a material misstatement in violation of Section 7206(1)”); United States v. Young, 804 F.2d 116, 119 (8th Cir.1986) (omission of information necessary to compute income is material); United States v. Gaines, 690 F.2d 849, 858 & n. 16 (11th Cir.1982) (§ 7206(1) does not require “substantial misstatement” of gross income).
This approach is consistent with the statutory text and with precedent. See United States v. Marabelles, 724 F.2d 1374, 1380 (9th Cir.1984) (“The existence of a tax deficiency is not an element” of § 7206(1).) Any concern that trivial mistakes will be prosecuted is obviated by the stringent requirement of specific intent to violate the law. Id.; United States v. Bishop, 412 U.S. 346, 360, 93 S.Ct. 2008, 2017, 36 L.Ed.2d 941 (1973).
Id. at 1096 (emphasis added). We did not hold that some failures to report are not material: indeed, any failure to report is material.
The majority opines that the first part of the inquiry has to do with a factual question of what false statement, if any, a defendant made. I agree, of course, that this question is for the jury, but I note that the jury in this case did make such a determination. About this assertion, there can be no disagreement. The trial court instructed the jurors-as happens in all underreported cases-that to find Uchimura guilty of the willful making and subscribing of his joint tax return for 1990, the jury had to conclude:
1. That defendant made, or caused to be made, and signed, that is subscribed, an income tax return for calendar year 1990 *-257 that was false as to a material matter, specifically his joint taxable income.
2. The return contained a written declaration that it was made under penalty of perjury.
3. The defendant did not believe the return to be true and correct as to the material matters charged in the indictment [under-reporting of income], and
4. The defendant made, or caused to be made, and signed, that is subscribed, the return willfully.
(Emphasis added). Thus, the jury by its guilty verdict decided that Uehimura willfully and knowingly underreported his income on a sworn and subscribed return. So much for the true historical facts.
The second and manifestly severable part of the inquiry to which the majority points, and which is truly the materiality element of the charge, is whether such underreporting “was essential to the accurate computation of ... taxes;” and it is this discrete prong that, as correctly recognized by both the trial court and the Holland court, has no factual component. Why? Because the IRS makes no decision as to the process of calculation, a process in which no discretion is involved. This is unlike the definition of materiality at play in Gaudin, which was having “a natural tendency to influence, or [be] capable of influencing, the decision of the decisionmaking body to which it was addressed.” Gaudin, 28 F.3d at 948 (emphasis added) (quotation omitted).
The best way to illustrate this point is to pose this question, which the majority opinion has neither addressed nor answered: factually speaking, what is the definition of “un-derreported income that is not essential to the accurate computation of taxes.” How shall we define in jury instruction terms this apparently oxymoronic concept so that the jurors might correctly differentiate between actionable underreporting that does so affect the process of computation, and that which does not? I respectfully suggest that such a dichotomy cannot exist because, as a matter of law, underreported income must affect the computation of taxes. To instruct the jurors otherwise is to tell them a he. Just as a rose is a rose is a rose, underreported income always influences the process of computation, even if the tax liability itself is zero. The charge here is not failing to pay what you owe, but preparing, signing, and subscribing a return with false computational information in it. In a false subscription case, the government is not required to prove an actual tax deficiency. United States v. Marabelles, 724 F.2d 1374 (9th Cir.1984). There exists no wiggle room, no slack, no safe harbor, and no de minimis.
Thus, what the majority asks the jury to do in underreporting cases, of which there are many, is to go on the equivalent of a form over substance snipe hunt, or to rubber stamp a legal conclusion mandated by our income tax laws. The label “materiality” would spill beyond its borders and therefore cloud and overwhelm the analysis. The major premise of the syllogism is not that all issues of materiality go to the fact finder; it is that factual issues go to the fact finder, which is what happened in this ease.
Uehimura deliberately underestimated his taxable income by $100,000. The jury so found. It follows as a matter of law from the verdict with no extra or additional factual component that the computation of his tax liability was affected. What else is there for a fact-finder to decide? Nothing. The IRS doesn’t make a “decision” with respect to the finding; the numbers dictate the tax as a matter of arithmetic.
The majority’s “what statement he made” inquiry and whether it was intentionally false was, as I have shown, addressed by other instructions. With all respect to my colleagues, this peculiar variety of materiality is not a mixed question of law and fact. It is all law. The factual part is separate from the legal part, not “mixed” in with it. The majority in this case does not cut finely enough. Their opinion sees every materiality element as necessarily involving a factual component. With all respect, this is the question, not the answer. If the materiality element involves facts, it goes to the jury; but if it does not, as in this case, it remains with the court. Thus, Gaudin notwithstanding, Holland and United States v. Flake, 746 F.2d 535 (9th Cir.1984), cert. denied, 469 U.S. *-256 1225, 105 S.Ct. 1220, 84 L.Ed.2d 360 (1985), are still good law. Like Holland, Flake, upon which the district court correctly relied, held that the materiality of a false statement that violates 26 U.S.C. § 7206(1) is “a matter of law,” not an element of the offense. Id. at 537. Thus, the rule of Gaudin has not been dishonored in this case.
I respectfully dissent.

. United States v. Gaudin, 28 F.3d 943 (9th Cir. 1994).