# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1426

_____

United States of America,        *
                                          *

           Appellee,           *

                                          *    Appeal from the United States

           v.                        *    District Court for the

                                          *    District of South Dakota.

Dennis Ray Peiker,              *

                                          *       [UNPUBLISHED]

          Appellant.         *


_____

Submitted: March 7, 2001
Filed: March 13, 2001

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

A jury found Dennis Ray Peiker guilty of two counts of willfully filing false income tax returns for 1992 and 1995, in violation of 26 U.S.C. § 7206(1). The district court[1] denied Peiker's motion for judgment of acquittal, and sentenced him to six months imprisonment and one year supervised release. On appeal, Peiker argues (1) the district court should have granted his motion for judgment of acquittal, because the amount of unreported income was not material as a matter of law, and because there

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

was insufficient evidence to support the jury's verdict; (2) he was prejudiced by the exclusion of evidence relating to his wife and her allegations that he was a drug dealer; and (3) the indictment should have been dismissed because it charged him with committing the offenses in the "Northern District of South Dakota," and there was no evidence of his whereabouts when he signed the 1992 and 1995 tax returns. We affirm.

Viewing the evidence in the light most favorable to the jury's verdict and giving the government the benefit of all reasonable inferences that may be drawn from the evidence, we conclude the district court correctly denied Peiker's motion for judgment of acquittal. See United States v. Cunningham, 83 F.3d 218, 222 (8th Cir. 1996) (standard of review). First, we reject Peiker's argument that a 5-6% underreporting is not material as a matter of law, because the government need not establish an actual tax deficiency to demonstrate that his false statements in the 1992 and 1995 returns were material. See United States v. Young, 804 F.2d 116, 119 (8th Cir. 1986), cert. denied, 482 U.S. 913 (1987). Second, we conclude the government presented sufficient evidence to prove that he willfully misreported his income. The government's evidence showed that Peiker, in all, omitted $10,710 from his 1992 income and over $23,000 from his 1995 income by not reporting checks and by cashing checks without reporting them as income. The jury, moreover, could have inferred that Peiker willfully omitted income in 1992 and 1995 based on his admission to an Internal Revenue Service agent that he did not want his wife to know how much he was making. See United States v. Schaefer, 4 F.3d 679, 681 (8th Cir. 1993) (willfulness in criminal tax case may be inferred from facts of case); Young, 804 F.2d at 119 (tax return that included bail-bonding-business income as net, not as gross, income omitted material items necessary to computation of income and thus was material omission forming basis for § 7206(1) conviction).

Further, we conclude that the district court did not abuse its discretion in excluding Peiker's evidence about his ex-wife, as only his willfulness in misreporting his income was relevant to the § 7206(1) offense, see Pittman v. Frazer, 129 F.3d 983,

989 (8th Cir. 1997) (district court has discretion in excluding evidence); that the indictment--although it contained a typographical error--was not defective, as it clearly set out the § 7206(1) offense on which he was convicted, see United States v. Miller, 471 U.S. 130, 138-40 (1985) (where defendant was tried on indictment that clearly set out offense for which he was ultimately convicted, defendant showed no deprivation of his Fifth Amendment rights); and that Peiker's whereabouts when he signed the tax returns was immaterial to the convicted offense.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.