# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1384
_____

United States of America

*Plaintiff - Appellee*

v.

Aileen Kogera Njoroge

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Lincoln
_____

Submitted: November 19, 2021
Filed: February 2, 2022
_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.
_____

ERICKSON, Circuit Judge.

Aileen Kogera Njoroge ("Kogera") appeals from a judgment of conviction for theft of government property under 18 U.S.C. §§ 641 and 2. The district court[1] sentenced her to a term of 5 years of probation and ordered her to pay $143,099.84

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

in restitution. On appeal, Njoroge contends the evidence was insufficient to sustain the conviction and she received ineffective assistance of counsel at trial. We affirm.

## I. BACKGROUND

The Child Care and Development Fund Program ("the Program") is a federal program administered by the Department of Health and Human Services ("HHS") that provides subsidies to low-income working families for childcare expenses. The Nebraska Department of Health and Human Services ("NHHS") administers the Program in Nebraska. Childcare centers receive funding under the Program if they establish eligibility and meet certain health, safety, and licensing requirements. Eligible centers apply for authorization and, if approved, enter into annual subsidy agreements with the state. Each participating childcare center is required by the NHHS to track attendance for authorized children and to enter relevant data into a state billing portal. NHHS provides training on how to use the portal, along with unique logins, identification numbers, and billing codes for funding requests.

Mock's Loving Life Learning Center ("MLLLC") was a childcare center in Omaha that participated in the Program. MLLLC was owned by Seth and Pamela Mock. Kogera has an M.S. in Computer Information Systems and served as MLLLC's director. In May 2015, Virginia Dyess, who was employed by NHHS as a resource developer, met with Seth Mock ("Mock") and Kogera to conduct an onsite review. Dyess compared MLLLC's billing information to attendance calendars and determined that MLLLC had incorrectly billed the Program. Dyess then trained Kogera on how to perform accurate billing using the state portal system. When NHHS audited MLLLC's billing in March 2015, it revealed an overpayment of approximately $15,000. Considering the audit findings, MLLLC later surrendered its childcare license, and its Program agreement was terminated.

Mock approached Mubanga Chongo-Ofafa about opening two new daycare centers. Chongo-Ofafa agreed and was subsequently listed as the owner of Little Blessings of Lincoln and Little Blessings of Omaha. Both locations applied for

eligibility under the Program, and Mock arranged for participating children who were previously under the care of MLLLC to be transferred to Little Blessings. Although each Little Blessings center had an onsite director, Kogera handled the billing, subsidy management, supplies purchasing, and maintenance. The onsite directors sent child attendance and employee payroll information to Kogera. In turn, Kogera entered billing information into the state portal for Program funds, and she sent payroll figures to a third-party processor.

On February 9, 2017, investigators executed search warrants at both Little Blessings locations. Kogera was interviewed during the search and told investigators that she was responsible for Program billing. Kogera admitted to having primary access to the state portal, and to submitting payroll information for processing. Kogera also told investigators that she was the sole person with access to the Little Blessings email account and the electronic files where billing and payroll information was saved before submission. NHHS and HHS later calculated an overpayment sum of $158,099.84 across both Little Blessings locations.

Following four days of trial, a jury convicted Kogera of theft of government property. She appeals her conviction.

## II.    ANALYSIS

Kogera first argues the evidence was insufficient to sustain her conviction. We review the sufficiency of the evidence *de novo*, "viewing evidence in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." United States v. Mathews, 761 F.3d 891, 893 (8th Cir. 2014) (quotation omitted). "The verdict will be upheld if there is any interpretation of the evidence that could lead a reasonable jury to convict." United States v. Brandon, 521 F.3d 1019, 1025 (8th Cir. 2008).

As charged in this case, the crime of theft of government property has three elements: (1) the defendant voluntarily, intentionally, and knowingly stole or

converted money to her own use or to the use of another; (2) the defendant acted with intent to deprive the owner of the use or benefit of the money taken; and (3) the money belonged to the United States. See 18 U.S.C. § 641; United States v. Rehak, 589 F.3d 965, 973 (8th Cir. 2009). We have long recognized that "circumstantial evidence is intrinsically as probative as direct evidence and may be the sole support for a conviction." United States v. Jones, 16 F.3d 275, 279 (8th Cir. 1994) (cleaned up).

At trial, the former directors of both Little Blessings locations testified that Kogera was responsible for the overpayments. The directors sent two types of information to Kogera: (1) calendar information with each child's attendance, and (2) employee hours for payroll. NHHS representatives testified that both types of information were inflated after being provided by the directors. Attendance information was inflated before entry into the state portal, while the payroll information was inflated before submission for payroll processing. Kogera was the only person who accessed the billing portal and submitted payroll. By Kogera's own admission, she was the sole person with access to the Little Blessings email account and to the files where information was saved before submission.

"A jury's credibility determinations are well-nigh unreviewable because the jury is in the best position to assess the credibility of witnesses and resolve inconsistent testimony." United States v. Hodge, 594 F.3d 614, 618 (8th Cir. 2010). "[I]t is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." Cavazos v. Smith, 565 U.S. 1, 2 (2011) (per curiam). Kogera's arguments on appeal were submitted to the jury by defense counsel at trial. After viewing all the evidence and determining which evidence to believe or disbelieve, the jury arrived at a conclusion different from the one advocated by Kogera. There is evidence in the record demonstrating that inflation of the billing and payroll numbers was a coordinated effort, and there was sufficient evidence for the jury to determine that Kogera was behind the theft. Because there

is sufficient evidence for a reasonable jury to have found Kogera guilty beyond a reasonable doubt, we cannot overturn the conviction.

Kogera also argues for the first time on appeal that she received ineffective assistance of counsel at trial. Such claims are properly considered in a habeas proceeding under 28 U.S.C. § 2255, and "[w]e will not consider ineffective assistance of counsel claims on direct appeal except in 'exceptional cases in which the district court has developed a record on the ineffectiveness issue or where the result would otherwise be a plain miscarriage of justice.'" United States v. Looking Cloud, 419 F.3d 781, 788-89 (8th Cir. 2005) (quoting United States v. Santana, 150 F.3d 860, 863 (8th Cir. 1998)). This is not such a case, and we decline to consider Kogera's ineffective assistance argument on appeal.

## III.  CONCLUSION

We affirm the judgment of the district court.

_____