# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2258

_____

United States of America

*Plaintiff - Appellee*

v.

Josiah Mator, Jr., also known as Josiah Mator

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: January 12, 2024
Filed: May 23, 2024
[Unpublished]

_____

Before LOKEN, KELLY, and STRAS, Circuit Judges.

_____

PER CURIAM.

Josiah Mator, Jr., helped people prepare their tax returns but inflated their deductions. Then he lied about what clients paid him. Although he claims these were innocent mistakes, the evidence was sufficient for the jury to conclude

otherwise. *See* 26 U.S.C. § 7206(1)–(2) (prohibiting the preparing and filing of false tax returns).

## I.

What first caught the IRS's attention was Mator's practice of routing client refunds to his own bank account. When investigators spot-checked some of the returns he had prepared, they found more red flags, including a pattern of unreimbursed business expenses and refundable education credits.

A return prepared for one couple was a prime example. It listed $26,000 in business expenses and an education credit, even though neither of them was in college. And then Mator did not include their payment as income on his own return. Nor did he report the cash, checks, and direct deposits he received from others.

Facing two counts of "[w]illfully" filing a false return, 26 U.S.C. § 7206(1)–(2), Mator went to trial. Right before the jury found him guilty of both counts, the district court[1] denied his motion for a directed verdict. His position is that there was no proof that he willfully misrepresented anything. *See United States v. Mathews*, 761 F.3d 891, 893 (8th Cir. 2014) (explaining that "willfulness" requires "a voluntary, intentional violation of a known legal duty" (quoting *Cheek v. United States*, 498 U.S. 192, 201 (1991))).

## II.

The evidence tells a different story. *See id.* ("review[ing] the sufficiency of the evidence de novo" and "accepting all reasonable inferences that support the verdict" (citation omitted)). For one thing, according to the couple, Mator never

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

asked about their expenses, much less requested receipts or other documentation to substantiate them. For another, he admitted to investigators that he adjusted some of the numbers to get the results he wanted. In his view, what he did was fine because he had been doing it for years. "[A] rational jury," however, "could have" concluded otherwise and "discredited his alleged good faith belief." *Id.* at 894 (quotation marks omitted).

There was also proof he knew better than to omit reportable income from his own returns. *See* 26 U.S.C. § 61(a)(1)–(2) (defining "gross income" to include business income and "[c]ompensation for services"). After all, several clients claimed that Mator charged them. *See United States v. Morris*, 723 F.3d 934, 940 (8th Cir. 2013) (explaining that "a consistent pattern of not reporting income" can show willfulness (citation omitted)). It was up to the jury to decide whether he knew that their payments were compensation for his services, not just expressions of gratitude or goodwill. *See Mathews*, 761 F.3d at 894.

III.

We accordingly affirm the judgment of the district court.

_____