# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3506

_____

United States of America,

        Appellee,

v.

Fred Neal, Jr.,

        Appellant.

\* Appeal from the United States
\* District Court for the
\* Eastern District of Arkansas.

_____

Submitted: April 19, 2012
Filed: May 18, 2012

_____

Before WOLLMAN, BYE, and BENTON, Circuit Judges.

_____

BYE, Circuit Judge.

      While Fred Neal, Jr., was on pretrial release awaiting trial, the government petitioned the district court to have him committed to the custody of the Bureau of Prisons (BOP) for an inpatient competency evaluation. In response, Neal's counsel conceded reasonable cause existed to question her client's competency, but contended the government had not provided sufficient reasons to justify detaining Neal for an inpatient commitment, and asked the court to order an outpatient evaluation. Without conducting a hearing or making any factual findings, the district court granted the government's request and ordered Neal committed to the custody of the BOP. Neal filed an interlocutory appeal contending the district court's discretion to order a

commitment is limited by the Due Process Clause and, at a minimum, the district court was required to make findings regarding the need to detain a defendant on pretrial release. We agree. We therefore vacate the district court's commitment order and remand this case for a hearing.

I

A federal grand jury indicted Neal and his wife, Doris, with conspiring to defraud the United States by filing false documents with the Internal Revenue Service (IRS) in violation of 18 U.S.C. § 371, aiding and abetting corrupt interference with the internal revenue laws in violation of 26 U.S.C. § 7212(a) and 18 U.S.C. § 2, and with slander of title against a federal official in violation of 18 U.S.C. § 1521. Neal appeared for an arraignment on the charges, was appointed counsel, and released on bond with the special condition that he not file any IRS forms or new civil legal actions against other persons without the approval of the district court.

While on pretrial release, Neal filed papers in a civil suit in Texas without the approval of the district court. Believing Neal's conduct evinced an irrational understanding of the judicial process and the criminal charges pending against him in federal district court in Arkansas, the government filed a pretrial motion pursuant to 18 U.S.C. § 4241(a) and (b) for a competency evaluation.[1] Defense counsel

_____

[1]Subsections (a) and (b) of 18 U.S.C. § 4241 provide as follows:

(a) Motion to determine competency of defendant. – At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant . . . the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that

responded to the government's motion by agreeing that reasonable cause existed for a competency evaluation. Defense counsel opposed the government's request for an inpatient commitment to the BOP, however, contending the evaluation should be performed on an outpatient basis pursuant to 18 U.S.C. § 4247(b). Defense counsel further contended the government had not provided sufficient reasons to justify committing Neal to the custody of the BOP for an inpatient evaluation.

In the response to the government's motion, defense counsel advised the district court that Neal and his wife were both of advanced age (seventy-nine and eighty-two years old, respectively) and lived alone on property owned by their daughter in Marshall, Texas. Neal's wife has a foot deformity and lost an eye due to glaucoma. Her medical conditions limit her mobility and she relies upon her husband as a caretaker to run the household, pay the bills, buy the groceries, and drive her to doctor appointments. Neal has no criminal history, and had been reporting monthly to his pretrial officer. There was no evidence he posed a flight risk, danger to the community, or (with the exception of filing the papers in the civil suit in Texas) had failed to comply with the conditions of his bond.

Defense counsel further advised the district court that a commitment to the BOP would mean Neal would be taken away from his wife for a period of up to forty-five days, likely at a remote facility. In contrast, an outpatient evaluation could be conducted by a licensed mental health professional near Marshall, Texas, which

---

he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(b) Psychiatric or psychological examination and report. – Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247 (b) and (c).

would allow Neal to remain at home and care for his wife. Defense counsel further advised the court that the United States Probation Office for the Eastern District of Texas routinely contracted with Dr. Theresa Vail, a psychiatrist, for conducting mental health evaluations for individuals on pretrial release, and that Dr. Vail's offices were within sixty miles of Neal's home.

Without conducting a hearing and without making any findings regarding the governmental interests which may justify an inpatient commitment rather than an outpatient evaluation, the district court granted the government's motion for a custodial commitment to the BOP for an inpatient evaluation. Neal filed a timely interlocutory appeal.

II

"Commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Revels v. Sanders, 519 F.3d 734, 740 (8th Cir. 2008) (internal quotation marks and citations omitted). "Indeed, liberty from bodily restraint always has been recognized as the core of the liberty protected by the Due Process Clause from arbitrary governmental action." Heidemann v. Rother, 84 F.3d 1021, 1028 (8th Cir. 1996) (internal quotation marks and citations omitted). Persons accused of a crime and awaiting trial, such as Neal, are protected by these constitutional limits on the deprivation of their personal liberty. See United States v. Salerno, 481 U.S. 739, 748-51 (1987) (addressing the constitutionality of the Bail Reform Act and setting the contours under which the government's regulatory interests may outweigh the liberty interests of a person on pretrial release). "The institutionalization of an adult by the government triggers heightened, substantive due process scrutiny. There must be a 'sufficiently compelling' governmental interest to justify such action, . . . [such as] a regulatory interest in forestalling danger to the community." Reno v. Flores, 507 U.S. 292, 316 (1993) (O'Connor, J., concurring) (quoting Salerno, 481 U.S. at 748).

Notwithstanding the due process limitations on the government's ability to deprive a defendant on pretrial release of his personal liberty, the government argues the district court had unfettered discretion to commit Neal to a suitable facility for an inpatient competency evaluation. The government relies upon 18 U.S.C. § 4247(b), which states the district court "may commit [a] person to be examined for a reasonable period . . . to the custody of the Attorney General for placement in a suitable facility." The government argues the district court did not abuse its discretion by committing Neal to the BOP's custody because he did not dispute the need for a competency evaluation. We disagree.

Although § 4247(b) uses the word "may" when describing a district court's ability to commit a person to the BOP for an inpatient competency evaluation, the statute does not grant a district court unfettered discretion to order such a commitment. Instead, the two circuit courts which have interpreted and applied the statute recognize the district court's discretion is subject to due process requirements. See United States v. Deters, 143 F.3d 577, 582-84 (10th Cir. 1998) (addressing a defendant's claim that her pretrial inpatient commitment under 18 U.S.C. §§ 4241 and 4247(b) violated the Due Process clause); In re Newchurch, 807 F.2d 404, 409 (5th Cir. 1986) (interpreting 18 U.S.C. §§ 4241 through 4247 and indicating the statutory "provisions must be read against the background of the constitutional protection for individual liberty").

"Due process . . . requires the government, when it deprives an individual of liberty, to fetter his freedom in the least restrictive manner." Newchurch, 807 F.2d at 408. "A person accused of a crime should not therefore be deprived of personal liberty unless his confinement is reasonably necessary to assure his presence at trial or to protect some other important governmental interest." Id. at 408-09. The statute's use of the word "may" does not negate due process limitations, but merely reflects the district court's choice between an inpatient commitment and an outpatient evaluation. See id. at 410 ("For purpose of the examination, the court is empowered

-5-

to commit the defendant . . . to the custody of the Attorney General. . . . If, however, the court believes that the defendant's examination can be conducted on an outpatient basis, there need not be a commitment under this provision.") (alteration in original) (quoting S. Rep. No. 225, 98th Cong., 2d Sess. 235, reprinted in 1984 U.S. Code Cong. & Ad. News 3417).

In Newchurch, the Fifth Circuit vacated a district court order committing a defendant to the custody of the Attorney General for an inpatient evaluation because "[t]he government offered no evidence that the commitment of Newchurch . . . is necessary or that an examination adequate for determination of his sanity . . . cannot be conducted on an outpatient basis or by a confinement of short duration in a hospital near the place of trial." 807 F.2d at 410. The court held "a district court should not exact such a deprivation of liberty" unless there is "some evidence that commitment is necessary." Id.

> Read together, the provision that the court "may" commit a person to the custody of the Attorney General, the legislative statement that commitment should not be ordered if the examination can be conducted on an outpatient basis, and the provision that, if the defendant is committed, he shall be examined in the nearest suitable facility, all require that, before committing a defendant, the court determine, on the basis of evidence submitted by the government, subject to cross examination, and to rebuttal by the defendant, that the government cannot adequately prepare for trial on the insanity issue by having the defendant examined as an outpatient.

Id. at 411.

Similarly, in this case, the government offered no evidence to establish the presence of compelling governmental interests which would require Neal's competency evaluation to be conducted pursuant to a custodial commitment at a BOP facility, rather than on an outpatient basis.

-6-

The Fifth Circuit also indicated "the district court should make findings of fact concerning the need for commitment to the custody of the Attorney General" after holding a hearing. Id. at 412. The Tenth Circuit later adopted the Fifth Circuit's approach, stating, "[i]n ordering commitment pursuant to 18 U.S.C. § 4241, a 'district court should make findings of fact concerning the need for commitment,' and '[a]n appellate court should give appropriate deference not only to these findings but also to the conclusion reached by the district court' regarding the appropriateness of confinement." Deters, 143 F.3d at 584 (quoting Newchurch, 807 F.2d at 412). In Deters, unlike this case, the district court held an evidentiary hearing, gave serious consideration to the defendant's request that she be evaluated on an outpatient basis, and then made factual findings identifying two governmental interests—the risk the defendant would not appear at trial, and the defendant's unstable living conditions—which justified the inpatient commitment. Id. at 583-84.

In this case, the district court did not conduct a hearing, require the government to present evidence to justify the inpatient commitment, seriously consider the defendant's alternative request for an outpatient evaluation, or make findings of fact concerning the need for commitment. As a result, there are no factual findings for us to review and we are unable to determine whether the district court's order complies with due process requirements by fettering Neal's freedom in the least restrictive manner.

III

We vacate the district court's commitment order, and remand this case for further proceedings consistent with this opinion.

———————————————