# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3039

_____

United States of America

*Plaintiff - Appellee*

v.

Thomas Zavesky

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: February 9, 2016
Filed: October 5, 2016

_____

Before SMITH and COLLOTON, Circuit Judges, and ERICKSON,[1] District
Judge.

_____

ERICKSON, Chief District Judge.

A jury convicted Thomas Zavesky on one count of receipt of child pornography
in violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1), and 2256 and one count of

_____

[1] The Honorable Ralph R. Erickson, Chief Judge, United States District Court
for the District of North Dakota, sitting by designation.

possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2), and 2256. He appeals, claiming his due process rights were violated because he was not present or given notice when the district court ordered him to undergo a competency examination, his right to a speedy trial was violated, his convictions for receipt and possession of child pornography violate double jeopardy, and the district court erred in denying his motion to suppress. We affirm.

## I. *Background*

Zavesky came to the attention of law enforcement officers when they noticed, as part of their investigations on Internet child pornography, what appeared to be a single computer sharing child pornography at different IP addresses. Through the use of subpoenas, the investigating officers learned that Zavesky was employed as a truck driver, that Zavesky's employer was a business using one of the IP addresses, and that Zavesky had been near the various IP locations that caught the officers' attention.

Upon learning from Zavesky's employer when and where Zavesky was scheduled to be in Iowa, two special agents with the Iowa Division of Criminal Investigations located Zavesky sitting in his parked semi-truck. When approached, the agents noticed the smell of marijuana emanating from the truck and observed part of a marijuana pipe in the truck and a laptop computer that was open and appeared to be turned on sitting on the passenger's seat. One of the agents advised Zavesky that they were conducting an investigation, asked whether he would be willing to talk to them, and informed Zavesky that he was not under arrest. Zavesky exited his semi-truck and agreed to sit in the front passenger's seat of that agent's vehicle.

Once inside the agents' vehicle, Zavesky was again advised that he was not under arrest and he did not have to talk to the agents. The agent made sure the door was unlocked so Zavesky could leave if he wanted. Zavesky began answering questions, cut off the interview after a short time, left the agents' vehicle, walked toward the semi-truck, returned a short time later, and reinitiated conversation with

an agent who was now standing by the trunk of his vehicle. When Zavesky left the agents' vehicle, he was told he could not go back inside his semi-truck out of concern about the contents on the computer and whether Zavesky was under the influence given the strong odor of marijuana observed by the agents.

After observing Zavesky, the agent determined that he did not appear to be under the influence. When Zavesky resumed talking to the agents by the trunk of their car, Zavesky learned that they wanted to talk about the files on his computer. Zavesky was willing to talk about that topic, and admitted to his knowledge about file-sharing programs and estimated he had 2,800 images of child pornography. Zavesky refused to talk about a motel theft that he thought they could be investigating or the marijuana that was found underneath his semi-truck, and declined to give the password for his computer.

One of the agents then left the scene to get a search warrant for the laptop computer. A search warrant was obtained. A forensic examination uncovered child pornography, which lead to the charges in this case. Zavesky appeared on the charges on December 30, 2013. Between February 2014 and September 11, 2014, Zavesky requested the trial be continued five times, which the court granted.

On September 11, 2014, the district court held a telephonic scheduling conference. Zavesky did not participate but his lawyer appeared on his behalf and expressed concerns about Zavesky's mental condition and competency. Zavesky's lawyer indicated he was having difficulty communicating with Zavesky and Zavesky believed he was working for the Federal Bureau of Investigations to stop the Russian mafia from bringing child pornography into the United States. Zavesky's lawyer also reported that a family member indicated Zavesky had a history of mental illness. The district court ordered Zavesky transferred from pretrial confinement to the custody of Bureau of Prisons for a competency evaluation.

Zavesky refused to cooperate with any mental health testing or interviews. The evaluator opined that Zavesky was competent to proceed and that Zavesky's statements about the Russian mafia were likely an attempt to make excuses and explain his criminal conduct. After completion of the evaluation, the district court reset the case back on the trial calendar.

Zavesky then moved to suppress the statements he made to the agents on the grounds that there was a "de facto arrest" and Zavesky was illegally seized when he was told he could leave but could not get back in his semi-truck. Zavesky also argued that the evidence obtained from the semi-truck must be suppressed as it was "fruits" evidence obtained as a result of the unconstitutional seizure. The district court denied his motion to suppress, finding there was probable cause to search the semi-truck and Zavesky was not in custody when he provided the statements to the agents.

Zavesky proceeded to trial on June 8, 2015. A jury convicted him on one count of receipt of child pornography and one count of possession of child pornography. He was sentenced to a term of 240 months' imprisonment for receipt of child pornography and a concurrent term of 120 months' imprisonment for possession of child pornography.

## II. *Discussion*

On appeal, Zavesky argues there was no reasonable cause to order a mental competency evaluation, and the district court's committal for such an evaluation without notice to him violated due process and his right to a speedy trial. He also argues his convictions for both receipt and possession of child pornography violate double jeopardy because the jury used the same evidence to convict him on both counts, and the district court erred in denying his motion to suppress because his statements to law enforcement officers were based on an impermissible seizure of his person and the evidence obtained from his semi-truck was "fruit of the poisonous tree."

-4-

A. *Competency Evaluation*

Zavesky asserts that his statutory rights to notice and presence under 18 U.S.C. § 4241(a) were violated when he was committed for an inpatient competency evaluation during a scheduling conference in which he was not present and without notice that his lawyer would be requesting an evaluation. Zavesky also asserts the district court's committal process violated his Fifth Amendment due process right and the Sixth Amendment speedy trial right.

When an issue surrounding a defendant's competency to stand trial is raised, the district court must follow the process set forth in 18 U.S.C. § 4241. A district court has a duty to order a competency hearing as follows:

> At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4241(a). The court may order a defendant to undergo a psychiatric or psychological examination and require that a report be filed with the court before the date of the hearing. 18 U.S.C. § 4241(b). Pursuant to 18 U.S.C. §4247(b), the court may commit the defendant for an examination under § 4241 "for a reasonable period, but not to exceed thirty days."

If the court holds a competency hearing, the hearing must be conducted pursuant to 18 U.S.C. § 4247(d). 18 U.S.C. § 4241(c). Under § 4247(d):

The person whose mental condition is the subject of the hearing shall be represented by counsel. . . . The person shall be afforded the opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing.

A district court's decision to order a competency evaluation is reviewed for abuse of discretion. *United States v. Turner*, 644 F.3d 713, 723 (8th Cir. 2011). Defendant's counsel's opinion on competency should receive "significant weight since 'counsel, perhaps more than any other party or the court, is in a position to evaluate a defendant's ability to understand the proceedings.'" *Id*. (quoting *United States v. Denton*, 434 F.3d 1104, 1112 (8th Cir. 2006)).

Whether to order a competency evaluation prior to a hearing under § 4241(b) is discretionary. There is neither a statutory requirement of notice to a defendant, nor is the defendant's presence required when the evaluation is ordered. A court may make a "reasonable cause" determination without a hearing. *See Krupnick v. United States*, 264 F.2d 213, 216 (8th Cir. 1959); *United States v. Jackson*, 179 F. App'x 921, 932 (6th Cir. 2006); *United States v. McEachern*, 465 F.2d 833, 837 (5th Cir. 1972). The statutory right to notice and an opportunity to be heard arises when the district court is tasked with making a determination on whether a defendant is competent to proceed. 18 U.S.C. § 4241(c), (d), and § 4247(d).

Defense counsel expressed concern to the district court that he was having difficulty communicating with Zavesky, and that Zavesky was delusional based on his claim that he was investigating child pornography activities for the FBI. Zavesky's sister also reported to counsel that Zavesky suffered from some mental health issues after his child died, which was about five years before the trial. On this record, the information before the district court was sufficient to establish reasonable cause to investigate further Zavesky's mental competency.

Turning to Zavesky's constitutional claims, a district court's authority to commit a person to the Bureau of Prisons for an inpatient competency evaluation is subject to due process requirements. *United States v. Neal*, 679 F.3d 737, 740-41 (8th Cir. 2012). At its heart, due process requires "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Zavesky was represented by counsel at the hearing when the district court ordered Zavesky committed for a competency evaluation. While the preferred practice would include the presence of the defendant when it appears likely that the defendant and the lawyer are at odds about the necessity of a competency evaluation, under the circumstances of this case, the process and procedures undertaken by the district court were sufficient to satisfy the minimum requirements of the Due Process Clause.

Even assuming due process requires something more than what the district court did in Zavesky's case, "[i]t has long been clear that constitutional violations can be subject to harmless error analysis." *Lufkins v. Leapley*, 965 F.2d 1477, 1480 (8th Cir. 1992) (citing *Chapman v. California*, 386 U.S. 18, 22 (1967)). Constitutional violations occurring during a criminal proceeding are divided into two categories: trial errors and structural defects. *Arizona v. Fulminante*, 499 U.S. 279, 307-10 (1991). A trial error is an error that can "be quantitatively assessed in the context of other evidence presented," and is subject to harmless-error analysis. *Id.* at 307-08. A structural defect "affect[s] the framework within which the trial proceeds, rather than simply an error in the trial process itself" and thus "def[ies] analysis by 'harmless-error' standards." *Id.* at 309-10. A structural defect is "the exception and not the rule." *Rose v. Clark*, 478 U.S. 570, 578-79 (1986). As recognized by the Supreme Court, "most constitutional errors can be harmless." *Fulminante*, 499 U.S. at 306.

Under these circumstances, Zavesky's asserted lack of notice and opportunity to be personally heard would constitute, at most, a trial error. Even assuming a constitutional violation, Zavesky has not demonstrated prejudice that resulted from the committal process. Following the evaluation, the district court found Zavesky competent to proceed. To the extent there was any information gathered during the competency evaluation, it was not used against Zavesky either at trial or at sentencing. Finally, Zavesky proceeded to trial and he has not pointed to any evidence that was unavailable because he was required to undergo a competency evaluation. Any trial error under these particular circumstances was harmless.

Zavesky contends that the committal process violated his right to a speedy trial. Assessment under the Sixth Amendment for a speedy trial violation includes consideration of the length of the delay, the reasons for the delay, the defendant's assertion of his right to a speedy trial, and prejudice to the defendant. *United States v. Sprouts*, 282 F.3d 1037, 1042 (8th Cir. 2002). In this case, there was an approximate five-month delay between the date the competency evaluation was ordered and when Zavesky was again available for trial. Before that, Zavesky requested five continuances of the trial. After the competency evaluation, defense counsel was granted permission to withdraw and new counsel was appointed, resulting in another continuance. Trial proceeded approximately four months after the district court found Zavesky competent to proceed.

During the course of this case, Zavesky managed to work through three different lawyers, each of whom were required to become familiar with Zavesky's case. The motions to continue were at Zavesky's request. Zavesky has not identified any prejudice caused by any period of delay. Under all the circumstances, the approximate 18-month delay between when Zavesky appeared on the charges and trial commenced does not rise to the level of a Sixth Amendment violation.

Finally, the Speedy Trial Act specifically excludes from consideration delay resulting from an examination to determine mental competency. 18 U.S.C. § 3161(h)(1)(A); *United States v. McGhee*, 532 F.3d 733, 737 (8th Cir. 2008) (proceedings to determine competency are excluded under the Speedy Trial Act, whether reasonable or unreasonable). Thus, Zavesky has shown no statutory violation of the Speedy Trial Act.

### B. *Double Jeopardy*

Zavesky asserts that his convictions for receipt and possession of child pornography violate the double jeopardy clause. The Indictment alleged in count one that between September 13, 2010, and April 9, 2012, Zavesky knowingly received one or more visual depictions of a minor engaging in sexually explicit conduct. Count two alleged that on or about April 11, 2012, Zavesky knowingly possessed at least one matter containing a visual depiction of a minor engaging in sexually explicit conduct.

To prove a double jeopardy violation, a defendant must demonstrate that he was convicted of "two offenses that are in law and fact the same offense." *United States v. Muhlenbruch*, 634 F.3d 987, 1002 (8th Cir. 2011). Possession of child pornography is a lesser-included offense to receipt of child pornography. *Id*. Convictions for both possession and receipt of the same image violate the double jeopardy clause. *Muhlenbruch*, at 1004.

Each count in the Indictment alleges conduct occurring on a different date. At trial, the prosecutor presented evidence that child pornography was located in two main folders on the computer. Images and videos containing child pornography were downloaded between September 13, 2010, and April 10, 2012, to a folder named "Incoming". The jury was shown several images from the "Incoming" folder. In addition, child pornography, specifically a copy of a video entitled "wowowowow", was also located in a folder entitled "Documents" that existed on April 11, 2012.

-9-

This video was played for the jury. The charging document and evidence before the jury demonstrate that different dates and different visual depictions of minors were at issue and thus there is no double jeopardy violation.

Even if there should have been more precision in distinguishing the offenses, at the jury instruction conference the prosecution had no objection to the district court's proposed special interrogatories regarding the image or images involved in each offense. Zavesky's counsel acknowledged that he likely had a right to the interrogatories but that he did not believe that issue to be a "determinate factor" and waived any right he might have had to present special interrogatories to the jury. T. Tr.Vol. II, pp. 185-87. Zavesky's counsel's statements constitute a waiver and his claim is not reviewable on appeal. *See United States v. Wisecarver*, 598 F.3d 982, 988 (8th Cir. 2010) (explaining that a defendant waives an argument by intentionally relinquishing or abandoning a known right and that waived claims are not reviewable on appeal).

## C. *Suppression Motion*

Zavesky argues that the district court erred in denying his motion to suppress because he was illegally seized and subjected to a "de facto arrest" when he provided incriminating statements to law enforcement officers, and that the evidence obtained from his semi-truck was "fruit of the poisonous tree."

A district court's legal determination about whether a defendant was in custody is reviewed *de novo* and the court's factual findings are reviewed for clear error. *United States v. Vinton*, 631 F.3d 476, 481 (8th Cir. 2011). Six nonexclusive factors are considered when determining whether a suspect is in custody:

> (1) whether the suspect was informed at the time of questioning that the questioning was voluntary, that the suspect was free to leave or request the officers to do so, or that the suspect was not considered under arrest;

(2) whether the suspect possessed unrestrained freedom of movement during questioning; (3) whether the suspect initiated contact with authorities or voluntarily acquiesced to official requests to respond to questions; (4) whether strong arm tactics or deceptive stratagems were employed during questioning; (5) whether the atmosphere of the questioning was police dominated; or, (6) whether the suspect was placed under arrest at the termination of the questioning.

*United States v. Griffin*, 922 F.2d 1343, 1349 (8th Cir. 1990).

During his encounter with law enforcement officers, Zavesky was informed multiple times, at least five times according to the interviewing agent's testimony, that he was not under arrest and that he did not have to talk to them. The vehicle's doors were unlocked, and at one point, Zavesky left the agents' vehicle and started walking away. When Zavesky returned, he voluntarily reinitiated the conversation with the agents. Zavesky was selective in which questions or topics he would talk about, declining to answer certain questions. Zavesky was not arrested at the scene, but left in a cab. We agree with the district court that Zavesky was not in custody and thus there was no *Miranda* violation.

Zavesky also argues the district court erred in denying his motion to suppress the evidence seized from his semi-truck as "fruit of the poisonous tree." In light of the background investigation and Zavesky's statements, law enforcement officers had probable cause to detain Zavesky's semi-truck after observing the laptop in the passenger's seat. *See United States v. Goodale*, 738 F.3d 917, 922 (8th Cir. 2013) (noting where officers have probable cause to believe laptop contains contraband and there is a legitimate interest in preventing destruction of the potential contraband, the Fourth Amendment permits seizure of the property, pending issuance of a warrant to examine its contents). The semi-truck was detained for approximately one hour while the officers obtained a search warrant. The warrantless seizure of the semi-truck and

-11-

laptop did not violate Zavesky's constitutional rights.  The district court did not err in denying Zavesky's motion to suppress.


III.  *Conclusion*

We affirm the judgment of the district court.

_____