# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2157

_____

United States of America

*Plaintiff - Appellee*

v.

Kevin Timothy Morrissey

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Council Bluffs

_____

Submitted: January 12, 2018
Filed: June 29, 2018

_____

Before SMITH, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Following a jury trial, Kevin Timothy Morrissey was convicted of one count of possession of child pornography under 18 U.S.C. § 2252(a)(4)(B), (b)(2) and one count of receipt of child pornography under 18 U.S.C. § 2252(a)(2), (b)(1). He appeals both convictions. We affirm the receipt conviction, but remand to the district court with instructions to vacate the lesser-included possession conviction because

the district court failed to instruct the jury that it could not convict Morrissey for both receipt and possession based on the same facts.

## I. Background

In July 2013, Morrissey was sentenced in Washington state court to 34 months imprisonment and 36 months of supervised release for possession of child pornography. After he was released in May 2014, he moved to Iowa in September 2014, and his supervision was transferred there. Under his terms of supervision, Morrissey was prohibited from accessing the Internet and possessing devices that could access the Internet. On January 7, 2016, probation officers conducted a home visit at Morrissey's residence in Oakland, Iowa, where they discovered an active wireless hotspot and a Dell laptop computer. Examination of the Dell laptop revealed 50 images and one video (collectively "files") that Digital Forensics Examiner Anthony Kava believed to be child pornography, as well as a web browser history indicative of searches for child pornography. Officers obtained a search warrant for Morrissey's residence and seized hard drives from an outbuilding on the property. One was a Seagate hard drive containing 10 images of suspected child pornography.

A grand jury in the Southern District of Iowa indicted Morrissey on one count of possession of child pornography and one count of receipt of child pornography. At Morrissey's jury trial, Kava testified as to the files recovered from the Dell laptop and Seagate hard drive, and the government introduced into evidence—without objection—a spreadsheet Kava created listing the files he believed to be child pornography. The spreadsheet also indicated which files had been previously identified as child pornography by the National Center for Missing and Exploited Children ("NCMEC").[1] In addition, the government introduced—again, without

---

[1] NCMEC is a nonprofit whose mission is "to help find missing children, reduce child sexual exploitation, and prevent child victimization." One of the services

objection—12 images and one video of suspected child pornography from the Dell laptop and 10 images from the Seagate hard drive.  Six of the hard drive images had been previously identified by NCMEC as child pornography.  Two FBI agents also testified, based on their own investigations, that two of those six images were child pornography.

The jury was instructed that in order to convict Morrissey for receipt of child pornography, it must first find "that from an unknown date, but at least as early as May of 2015, continuing up to and including January of 2016, [Morrissey] knowingly received one or more visual depictions of a minor engaged in sexually explicit conduct."  During deliberations, the jury asked the court, "How far back can unknown date be, i.e., 1990?"  In the presence of both counsel and Morrissey, the district court proposed this response: "It can begin at any time, but you  must unanimously agree as to at least one receipt after March 29, 2011."  This, the court reasoned, accurately reflected the five-year statute of limitations.  Morrissey's counsel told the court he had "no objection to that."

Morrissey was convicted of one count of possession of child pornography and one count of receipt of child pornography.  As to the possession conviction, the jury found the government had failed to prove that one or more of the images depicted a minor under the age of 12.  Thus, Morrissey was subject to a maximum sentence of 10 years for possession, as opposed to a 20-year maximum sentence.  18 U.S.C.

_____

NCMEC provides is "a child victim identification program in order to assist the efforts of law enforcement agencies in identifying victims of child pornography." About Us, National Center of Missing and Exploited Children (Feb. 15, 2018), http://www.missingkids.com/footer/aboutus.  As part of that program, NCMEC maintains a database of known child pornography that law enforcement can compare images to in order to determine if an image is confirmed child pornography—meaning NCMEC has identified the subject in the image as a minor.

§ 2252(b)(2). Morrissey was sentenced to 120 months imprisonment on the possession conviction and 180 months imprisonment on the receipt conviction to be served concurrently.

Morrissey raises seven issues on appeal: double jeopardy, insufficient evidence, improper venue, a constructive amendment to the indictment, a material variance from the indictment, a Confrontation Clause and hearsay violation, and prosecutorial misconduct.

## II. Double Jeopardy

We first address Morrissey's claim that the district court erred by failing to instruct the jury that it could not convict him for both possession and receipt based on the same facts. Because Morrissey failed to request such an instruction, our review is for plain error. United States v. Huether, 673 F.3d 789, 798 (8th Cir. 2012). "To establish plain error, [Morrissey] must show an error that is plain and that affects his substantial rights." Id. at 796. We remedy plain "error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks omitted).

The Double Jeopardy Clause of the Fifth Amendment protects a defendant from "[m]ultiple punishments for the same criminal offense." United States v. Muhlenbruch, 634 F.3d 987, 1002 (8th Cir. 2011) (alteration in original) (internal quotation marks omitted). To establish a Double Jeopardy violation, a defendant "must show that he was convicted of two offenses that are in law and fact the same offense." Id. (internal quotation marks omitted). Two offenses are considered the same offense for Double Jeopardy purposes unless each offense "requires proof of a fact which the other does not." Id. 1002-03 (internal quotation marks omitted).

-4-

"Possession of child pornography is a lesser-included offense to receipt of child pornography." United States v. Zavesky, 839 F.3d 688, 695 (8th Cir. 2016). That is to say that proof of receipt of child pornography "necessarily includes proof of possession of child pornography." Muhlenbruch, 634 F.3d at 1003. Thus, convicting a defendant for both possession and receipt based on the same conduct would violate the Double Jeopardy Clause. Zavesky, 839 F.3d at 695.

"While the government is not prohibited from charging [a defendant] with both a greater and lesser offense, the jury must be instructed that they cannot convict him for both offenses based on the same facts." Huether, 673 F.3d at 798. The jury "must be tasked with separating the evidence in considering the counts separately, and instructed that they may not convict [the defendant] of both counts based on overlapping evidence." Id.

In Huether, we found plain error where the court failed to instruct the jury that receipt and possession convictions cannot be based on the same images. Id. at 798-99. Although multiple images were found on various hard drives and CDs, neither the indictment nor the evidence at trial "specif[ied] which images [the defendant] was charged with receiving and which he was charged with possessing." Id. at 799. Because the defendant was potentially convicted on both counts for the same images, we ordered the district court to vacate one of the convictions. Id.; but see Zavesky, 839 F.3d at 695-96 (upholding conviction for both receipt and possession where indictment listed different dates for receipt and possession charges and prosecutor presented evidence at trial of two separate computer folders: one where images were downloaded and another where a video was saved).

Here, the indictment did not specify which images went to receipt and which to possession, but it did list different—albeit overlapping—dates for the two counts. The government argues that the Dell laptop images supported the receipt conviction and the Seagate hard drive images supported the possession conviction. But, at

trial—particularly in closing argument—the government did not make a clear enough distinction between the images. Rather, the prosecutor repeatedly suggested in closing that the defendant could be convicted of possession for images found on either the laptop or the hard drive and even specifically stated that Morrissey was "charged with possession of the Seagate hard drive and Dell laptop." Moreover, the prosecutor suggested both convictions could be based on the very same image, stating, "I only have to prove to you that one of these images is child pornography." Because the jury could have convicted Morrissey of both receipt and possession based on the same image or images found on the Dell laptop, we find failure to instruct was plain error. See Huether, 673 F.3d at 798. We therefore remand to the district court to vacate the conviction and sentence of the lesser-included possession offense. See United States v. Carpenter, 422 F.3d 738, 747 (8th Cir. 2005) (remanding to district court to vacate conviction for lesser-included offense).

Having conclusively addressed Morrissey's conviction for possession of child pornography, we now turn to his remaining challenges as to his receipt conviction.

## III. Sufficiency of the Evidence

Morrissey claims there was insufficient evidence to establish receipt of the alleged child pornography on the Dell laptop because the government did not prove that he knowingly received the files. Moreover, he claims the government failed to prove the files were in fact child pornography. We review the sufficiency of the evidence to sustain a conviction "de novo, viewing evidence in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." United States v. Mathews, 761 F.3d 891, 893 (8th Cir. 2014). We will reverse "only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." United States v. Coleman, 584 F.3d 1121, 1125 (8th Cir. 2009).

First, we find there was sufficient evidence that one or more of the files on the Dell laptop was child pornography. 18 U.S.C. § 2252(a)(2) criminalizes receipt of a "visual depiction involv[ing] the use of a minor engaging in sexually explicit conduct." The statute defines "sexually explicit conduct" to include, among other things, masturbation or "lascivious exhibition of the genitals" and defines minor as "any person under the age of eighteen years." 18 U.S.C. § 2256(1)-(2)(A). Based on the visual depictions in the files,[2] we find Morrissey's claim that they are not sexually explicit to be without merit. In addition, Morrissey argues that the males were not minors but rather adults who only appeared to be young boys. However, having viewed the files at trial, the jury was entitled to find that one or more of the males involved was a minor. See United States v. Deaton, 328 F.3d 454, 455 (8th Cir. 2003) (upholding jury conclusion that images were child pornography based on the images themselves). Thus, "viewing [the] evidence in the light most favorable to the government," Mathews, 761 F.3d at 893, we find a reasonable jury could have determined, beyond a reasonable doubt, that one or more of the files was child pornography.

We also find sufficient evidence to prove Morrissey "knowingly receive[d]" one or more of the files. 18 U.S.C. § 2252(a)(2). Morrissey admitted at trial that he used the Dell laptop to access the Internet, and several of the images and the video were downloaded from websites. Although some files were located in a thumbnail cache database[3] or Internet browser cache,[4] others—including the video–were in a

_____

[2]The files on the Dell laptop include a video of a young biological male masturbating and images of other young males exposing their genitals in a sexually suggestive manner.

[3]Thumbnail images are automatically saved when an image is opened with Windows Explorer.

[4]When an individual visits a website, certain files from that website are automatically stored in the browser cache so as to improve response time for future

folder that Kava testified indicated user interaction.  See United States v. Worthey, 716 F.3d 1107, 1113 (8th Cir. 2013) (distinguishing images saved only in browser cache from those saved in folders).  Based on this evidence, a reasonable jury could have found Morrissey guilty beyond a reasonable doubt of knowingly receiving one or more of the files.  Thus, we conclude there was sufficient evidence to support Morrissey's conviction for receipt of child pornography.

## IV. Venue

Morrissey next argues that the government failed to prove venue in the Southern District of Iowa.  Although the government introduced into evidence images Morrissey received while in the Southern District of Iowa, the government also introduced three images Morrissey received while he was still in Washington.  Because the jury only had to find one image received was child pornography, Morrissey argues the jury may have convicted him based on an image he received in Washington.  In addition, he claims the district court committed plain error by failing to instruct the jury on venue.  According to Morrissey, this error was compounded when the court instructed the jury—in response to the jury's question during deliberation—that they could convict Morrissey for conduct as early as 2011.  Because Morrissey did not move to Iowa until September 2014, he claims the court's instruction allowed the jury to convict him for conduct that occurred outside of the Southern District of Iowa.[5]

---

visits to the website.

[5]Morrissey also argues that the court's instruction allowed the jury to convict him based on conduct he previously pled guilty to in Washington.  However, the jury was specifically instructed it could convict Morrissey only for the crimes charged, not based on similar crimes he committed in the past.  We presume the jury "follow[ed] [the] court's instructions."  United States v. Pendleton, 832 F.3d 934, 944 (8th Cir. 2016).

"Venue is a fact which must be proved at the trial." United States v. Haley, 500 F.2d 302, 304 (8th Cir. 1974) (internal quotation marks omitted). In this case, "[t]he government has the burden of proving that the criminal activity took place in the district where the prosecution [was] undertaken": the Southern District of Iowa. Id. at 304-05. The government must prove this fact "by a preponderance of the evidence." United States v. Delgado, 914 F.2d 1062, 1064 (8th Cir. 1990).

However, "[i]mproper venue can be waived." Haley, 500 F.2d at 305. "[W]aiver is the intentional relinquishment or abandonment of a known right." United States v. Olano, 507 U.S. 725, 733 (1993) (internal quotation marks omitted). If Morrissey waived any objection to improper venue, then review is prohibited. United States v. Booker, 576 F.3d 506, 511 (8th Cir. 2009) ("[W]aived claims are unreviewable on appeal.").

Prior to opening statements, the judge asked if he should include a venue instruction, to which Morrissey's counsel replied, "It is not an issue." Morrissey argues the issue of venue was not apparent until closing statements, but we find this argument unavailing because Morrissey heard testimony throughout trial regarding conduct that occurred prior to his move to Iowa. Specifically, Morrissey heard testimony that he received three of the Dell laptop images introduced into evidence in June 2014—approximately three months before he moved to Iowa. Yet, Morrissey did not raise the issue of venue nor request a venue instruction at the close of evidence. Cf. United States v. Black Cloud, 590 F.2d 270, 272 (8th Cir. 1979) ("[When] defendant has no notice of a defect of venue until the government rests its case, the objection is timely if made at the close of the evidence.").[6]

---

[6]Morrissey argues his motion for acquittal preserved a challenge to venue. But, in his motion for acquittal, Morrissey specifically challenged the sufficiency of the evidence that he knew of the Seagate hard drive and that the files on the Dell laptop constituted child pornography. Because he raised specific challenges—but made no mention of venue—he waived any defect in venue. See United States v. Kelly, 535

Moreover, when the court proposed its answer to the jury's question—instructing the jury that Morrissey could be convicted of receipt after March 29, 2011—Morrissey's counsel stated, "I have no objection to that." See United States v. Booker, 576 F.3d 506, 511 (8th Cir. 2009) (finding waiver where defense counsel stated he had no objection to jury instructions); cf. Zavesky, 839 F.3d at 696 (finding waiver where defense counsel declined special interrogatories at jury instruction conference). Because Morrissey declined a venue instruction at the start of trial, failed to raise the issue of venue at the close of evidence, and affirmatively assented to the court's proposed answer to the jury question, we find Morrissey waived any objection to improper venue, and thus venue cannot be reviewed on appeal. See United States v. Wisecarver, 598 F.3d 982, 988 (8th Cir. 2010) (when defendant intentionally relinquishes a known right, he waives that claim, and it is not reviewable on appeal).

## V. Constructive Amendment to the Indictment

Morrissey claims that the prosecutor's closing argument and the court's response to the jury question resulted in a constructive amendment to the indictment. "A constructive amendment occurs when the essential elements of the offense as charged in the indictment are altered in such a manner . . . that the jury is allowed to convict the defendant of an offense different from or in addition to the offenses charged in the indictment." United States v. Starr, 533 F.3d 985, 997 (8th Cir. 2008) (internal quotation marks omitted). The indictment charged Morrissey with receipt "[f]rom an unknown date, but beginning a[t] least as early as May of 2015, and continuing up to and including January of 2016, in the Southern District of Iowa."

F.3d 1229, 1234 (10th Cir. 2008) ("When a defendant challenges in district court the sufficiency of the evidence on specific grounds, all grounds not specified in the motion are waived . . . includ[ing] an objection on venue grounds." (internal quotation marks omitted)).

-10-

Morrissey argues that by referring in closing argument to conduct that took place before he moved to Iowa in September 2014, the prosecutor suggested Morrissey could be convicted for conduct that occurred outside of the Southern District of Iowa. Moreover, Morrissey argues, the court's response to the jury question—instructing the jury that it could consider conduct "after March 29, 2011" for the receipt charge—further exacerbated the problem. Thus, he claims the jury may have convicted him of conduct that occurred outside the dates and district alleged in the indictment.

As to the dates alleged in the indictment, this Court has held "[t]ime is not a material element of a criminal offense unless made so by the statute creating the offense." United States v. Stuckey, 220 F.3d 976, 982 (8th Cir. 2000). The date of the offense is not an essential element of receipt of child pornography under 18 U.S.C. § 2252(a)(2). Thus, any alleged expansions at trial of the dates listed in the indictment do not constitute a constructive amendment.

Morrissey's constructive amendment claim therefore turns on the issue of venue. This Court has held that "[p]roof of venue is an essential element of the Government's case." United States v. Netz, 758 F.2d 1308, 1312 (8th Cir. 1985) (internal quotation marks omitted). That is because the burden of proof rests with the government to establish that venue is proper. Haley, 500 F.2d at 304-05. This does not mean, however, that venue is an "essential element" of an offense. See Hemphill v. United States, 392 F.2d 45, 47 (8th Cir. 1968) (finding venue is not an "essential element[] of an indictment"); Brightman v. United States, 7 F.2d 532, 534 (8th Cir. 1925) ("The venue was not an element of the offense.").

In fact, this Court treats venue quite differently than the essential elements of an offense. For example, while "[t]he Constitution gives a criminal defendant the right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged," United States v. Gaudin, 515 U.S. 506, 522-

-11-

23 (1995), we have held venue need only be proved by a preponderance of the evidence, Netz, 758 F.2d at 1312 ("[U]nlike other elements of a crime which must be proved beyond a reasonable doubt, venue need only be proved by a preponderance of the evidence." (alteration in original) (internal quotation marks omitted)). In addition, as we have explained, "venue can be waived." Black Cloud, 590 F.2d at 272. And, while failure to instruct on the essential elements of a crime is necessarily error, Becht v. United States, 403 F.3d 541, 547 (8th Cir. 2005), failure to instruct on venue is not. United States v. Guy, 456 F.2d 1157, 1163 (8th Cir. 1972). Venue is distinct, then, from the essential elements of an offense.[7]

Because neither the dates nor the venue listed in the indictment is an essential element of the offense, we find there was no constructive amendment to the indictment. See Starr, 533 F.3d at 997.

---

[7]In holding that venue is not an essential element of an offense, we are in line with the majority of other Circuits. United States v. Hall, 691 F.2d 48, 50 (1st Cir. 1982) ("Venue is not an element of the offense . . . ."); United States v. Svoboda, 347 F.3d 471, 485 (2d Cir. 2003) ("[V]enue is *not* an essential element of the crime charged . . . ." (emphasis in original)); United States v. Perez, 280 F.3d 318, 330 (3d Cir. 2002) ("[Venue] is an element more akin to jurisdiction than to the substantive elements of the crime." (internal quotation marks omitted)); United States v. Griley, 814 F.2d 967, 973 (4th Cir. 1987) (finding venue "is not an element of the crime charged"); United States v. Massa, 686 F.2d 526, 530 (7th Cir. 1982) (finding venue differs from the substantive elements of a crime); United States v. Kaytso, 868 F.2d 1020, 1021 (9th Cir. 1988) (finding venue "is not an essential element of the offense"); United States v. Miller, 111 F.3d 747, 749 (10th Cir. 1997) (finding venue is treated "differently from other, 'substantive elements' of a charged offense"); United States v. Stickle, 454 F.3d 1265, 1271 (11th Cir. 2006) (finding venue is a "non-essential element of a crime").

## VI. Material Variance from the Indictment

In a closely related claim, Morrissey argues that the evidence presented at trial resulted in a material variance from the charge listed in the indictment. Once again, the indictment charged Morrissey with receipt "[f]rom an unknown date, but beginning a[t] least as early as May of 2015, continuing up to and including January of 2016, in the Southern District of Iowa." However, the evidence at trial—specifically the prosecutor's closing argument and the court's instruction that the jury could convict Morrissey for receipt after March 29, 2011—encompassed conduct before Morrissey moved to Iowa in September 2014. This, Morrissey argues, changed the theory of the case, allowing him to be convicted for receipt based on conduct that occurred years ago in Washington.

"[A] variance in the evidence affects the defendant's right to adequate notice, that is, the Sixth Amendment right 'to be informed of the nature and cause of the accusation.'" Stuckey, 220 F.3d at 981 (quoting U.S. Const. amend. VI). "A variance arises when the evidence presented proves facts that are materially different from those [alleged] in the indictment." Starr, 533 F.3d at 997 (alteration in original) (internal quotation marks omitted). "[T]he charging document does not change, only the evidence against which the defendant expected to defend varies . . . ." Id. (internal quotation marks omitted). We "review[] the variance to determine if defendant's right to notice has been prejudiced." Id. (internal quotation marks omitted). "The primary consideration in this determination is whether the indictment fully and fairly apprised the defendant of the charges he or she must meet at trial." United States v. Begnaud, 783 F.2d 144, 148 (8th Cir. 1986). We will reverse "only if the variance actually prejudiced" Morrissey. Id.

We find the indictment "fully and fairly apprised" Morrissey of the evidence the government presented at trial. Id. It is true that in closing the prosecutor referred to Morrissey's pattern of obtaining child pornography over the course of many years.

-13-

But, Morrissey admitted to this pattern of behavior at trial. And, the prosecutor apparently referred to it in closing to refute Morrissey's defense that the files on the Dell laptop were automatically downloaded without his knowledge. The jury was specifically instructed that it could not convict Morrissey based on his prior conduct, but could consider evidence of such conduct for the limited purpose of deciding "motive, intent, knowledge, absence of mistake, or lack of accident." Thus, we find these statements did not change "the evidence against which [Morrissey] expected to defend." Starr, 533 F.3d at 997 (internal quotation marks omitted).

The prosecutor also referred to three images on the Dell laptop that were downloaded in June 2014. These images were within the time period specified in the indictment and well within the statute of limitations period for the receipt charge, which the court's instruction accurately reflected. Cf. Stuckey, 220 F.3d at 982 ("[W]e have held on many occasions that a variance between the indictment date and the proof at trial is not fatal so long as the acts charged were committed within the statute of limitations period, and prior to the return date of the indictment."). Moreover, these images were found on the Dell laptop, and Morrissey knew he would have to defend against a charge of receiving child pornography based on the Dell laptop seized from him. Thus, we find these images were "evidence against which [Morrissey] expected to defend." Starr, 533 F.3d at 997 (internal quotation marks omitted). We therefore conclude that Morrissey's "right to notice [was not] . . . prejudiced." Id. (internal quotation marks omitted).

VII. Confrontation Clause and Hearsay

Morrissey next argues the district court erred in admitting Government Exhibit 7—the spreadsheet listing suspected files of child pornography—because it indicated which files NCMEC had confirmed as child pornography, making it inadmissible hearsay in violation of the Confrontation Clause.

"[T]he Sixth Amendment's Confrontation Clause and the evidentiary hearsay rule stem from the same roots." Giles v. California, 554 U.S. 353, 365 (2008) (internal quotation marks omitted). The Confrontation Clause grants the accused "the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The Federal Rules of Evidence bar the admission of hearsay—an out-of-court statement "offer[ed] in evidence to prove the truth of the matter asserted"—unless the statement comes in pursuant to a recognized exception. Fed. R. Evid. 801(c), 802. Yet, even if hearsay is permissible under a hearsay exception, it may still violate the Confrontation Clause if the statement is testimonial, meaning it was "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." Melendez-Diaz v. Massachusetts, 557 U.S. 305, 310, 324 (2009) (internal quotation marks omitted).

On appeal, the government argues Morrissey waived any Confrontation Clause and hearsay claims by electing not to object to the spreadsheet and then using it to his advantage throughout trial. While it is unclear whether Morrissey intentionally waived these claims, he certainly forfeited them when he failed to object to the admission of the spreadsheet at trial. See Olano, 507 U.S. at 733 (comparing waiver—which is the "intentional relinquishment or abandonment of a known right"—to forfeiture—which "is the failure to make [a] timely assertion of a right" (internal quotation marks omitted)). Accordingly, we review for plain error. United States v. Rodriguez, 484 F.3d 1006, 1013 (8th Cir. 2007).

In order for us to correct an error under Federal Rule of Criminal Procedure 52(b), we must find: (1) there was "an error that [was] not . . . intentionally relinquished or abandoned," (2) the error was "plain—that is to say, clear or obvious," and (3) "the error . . . affected the defendant's substantial rights." Molina-Martinez v. United States, 136 S. Ct. 1338, 1343 (2016). "To satisfy [the] third condition, the defendant ordinarily must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." Rosales-

-15-

<u>Mireles v. United States</u>, No. 16-9493, 2018 WL 3013806, at *5 (U.S. June 18, 2018) (internal quotation marks omitted).

We agree with Morrissey that the spreadsheet constitutes hearsay, as it was an out-of-court statement offered into evidence for "the truth of the matter asserted": that the images were child pornography. Fed. R. Evid. 801(c). We also assume, without deciding, that the NCMEC confirmations were testimonial. Cf. <u>Melendez-Diaz</u>, 557 U.S. at 313 (finding analyst report stating substance defendant possessed was cocaine to be testimonial). Accordingly, we find admission of the spreadsheet was error in violation of the Confrontation Clause and the federal hearsay rules. Further, for purposes of this opinion, we assume the error was plain. Nevertheless, we find reversal unwarranted as the error did not affect Morrissey's substantial rights.

Morrissey claims his substantial rights were violated because the jury may have relied on the spreadsheet as evidence that the Dell laptop contained child pornography. The spreadsheet listed one image from the Dell laptop as NCMEC confirmed child pornography, but that image was not admitted at trial. During deliberations, the jury asked whether it could consider the spreadsheet as evidence even though no image was provided. The district court responded, "It is up to you to determine whether the government has proven its case beyond a reasonable doubt from the evidence admitted at trial." Morrissey claims the jury's question indicates the jury was struggling to determine whether the laptop images were child pornography and the court's response to the question allowed the jury to convict Morrissey based on the spreadsheet.

Although the jury may have considered the spreadsheet during deliberations, there is no evidence the jury relied on it as the basis for Morrissey's conviction. The sole image identified by NCMEC on the spreadsheet was not introduced at trial, but twelve other images and one video from the Dell laptop were. Having viewed these images, we find ample evidence—absent the spreadsheet—that the Dell laptop

-16-

contained child pornography. We therefore find Morrissey has failed to "show a reasonable probability that, but for the [admission of the spreadsheet], the outcome of the proceeding would have been different." Rosales-Mireles, 2018 WL 3013806, at *5 (internal quotation marks omitted). Because we conclude admission of the spreadsheet did not violate Morrissey's substantial rights, we decline to remand for a new trial on that basis.

## VIII. Prosecutorial Misconduct

Morrissey's final claim is that the government committed prosecutorial misconduct in closing argument by misstating the definition of receipt. "A prosecutor's improper comments during closing argument can require reversal of a conviction if they prejudiced the defendant's rights in obtaining a fair trial." United States v. Darden, 688 F.3d 382, 388 (8th Cir. 2012) (internal quotation marks omitted). "In determining whether the prosecutor's conduct was prejudicial, we ordinarily look to the cumulative effect of the improprieties, the strength of the evidence against the defendant, and whether the district court took any curative action." Id. (internal quotation marks omitted). To succeed, the defendant "must demonstrate a reasonable probability that the outcome would have been different absent the alleged error." Id. at 388-89 (internal quotation marks omitted). Because Morrissey did not object at trial, review is for plain error, and reversal is appropriate "only under exceptional circumstances." Id. at 388 (internal quotation marks omitted).

Here, the prosecutor stated in closing that Morrissey received the images and video on the date they were downloaded to the Dell laptop. The prosecutor defined downloaded to include "downloaded from the Internet or copied from one device to another." Morrissey claims that "copied from one device to another" incorrectly implies he could receive the images from himself by simply making a copy, whereas receipt requires they come from another person. However, the prosecutor never

stated that Morrissey could receive the images from himself. During closing, the prosecutor stated that "in order to receive something, the child pornography had to have been transported . . . [and] child pornography is obtained over the Internet, obtained from websites." The evidence at trial, moreover, indicated that Morrissey had downloaded certain images and the video from the Internet. We therefore find that Morrissey has failed to "demonstrate a reasonable probability that the outcome would have been different" but for the prosecutor's comment, id., and conclude reversal is unwarranted.

## VIIII. Conclusion

For the reasons stated, we remand to the district court to vacate Morrissey's conviction for possession of child pornography, and we affirm his conviction for receipt of child pornography.

_____